JENNIE BROWN *vs.* NATHAN SALLINGER.

Suffolk.    January 6, 1913. — March 31, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Pleading, Civil,* Declaration.    *Conversion.    Contract,* Implied in law.

There is no inconsistency between a count for the conversion of money and a count for money had and received joined in the declaration in an action of contract or tort which alleges that both counts are for the same cause of action.

An action for conversion may be maintained where the defendant wrongfully retains money of the plaintiff paid to him in bank bills and silver coins.

In an action of contract by a woman for money had and received, it appeared that the defendant was engaged in the business of selling merchandise on contracts of conditional sale, his method of business being for a customer to go to a retail store, select merchandise, come to him, make a deposit and sign a contract of conditional sale, whereupon he would deliver to the customer an order for the goods. The plaintiff, having selected goods at a retail store, went to the defendant's place of business with a man, whom she falsely represented to be her husband and who signed a contract of conditional sale of the goods, in which he made a false representation as to his employment and in which he agreed that, if any statement therein was false, the defendant might retain all sums of money paid under the contract "as liquidated damages sustained through such deceit." The plaintiff thereupon paid the defendant the money in question. The falsity of the representation by the plaintiff's companion being discovered, the defendant refused to deliver to the plaintiff or to her companion an order for the goods or to return to the plaintiff the money she had paid. *Held,* that, even if the plaintiff's companion were her agent, the defendant could not enforce against the plaintiff the provision in the contract as to liquidated damages, because he had refused to complete the sale and had repudiated the contract. *Held, also,* that the plaintiff's deception should not preclude her from maintaining the action, although it was in its nature equitable, because the defendant had suffered no loss from such deception.

CONTRACT OR TORT, with a count in tort for the alleged conversion of $35 and a count in contract for $35 alleged to have been had and received by the defendant to the use of the plaintiff, the two counts being alleged to be for the same cause of action. Writ in the Municipal Court of the City of Boston dated March 9, 1910.

On appeal to the Superior Court the case was heard by *King*, J., without a jury. There was evidence tending to show that the defendant, doing business in Boston under the name of the People's Credit Company, sold wearing apparel and other merchandise for cash or on contracts of conditional sale, his method of selling on instalments being to have customers go to any of the large retail stores in Boston, select the articles desired, and then come to the defendant and secure from him an order for the articles, which order would permit the delivery of such articles to the customer, they being charged by the dealer to the defendant. At the time of the delivery of such order by the defendant to the customer, the defendant and the customer would execute in duplicate and deliver to each other a contract of conditional sale.

There also was evidence tending to show that the plaintiff, accompanied by one Cunningham, went to a retail store in Boston and selected certain wearing apparel, and then went to the defendant's place of business, where they were introduced to a Mrs. Hollis, in charge for the defendant, as Mr. and Mrs. Cunningham. A contract of conditional sale then was drawn up to be signed by Cunningham and the plaintiff paid to Mrs. Hollis in bank bills and silver coin the $35 in question. In the contract Cunningham represented that he was employed at a certain hotel in Boston. Telephone inquiry being made, the representation was proved to be false, and thereupon the defendant refused to deliver to the plaintiff or to Cunningham the order for the goods or to return the $35.

The contract of conditional sale signed by Cunningham contained the following:

"I certify that the above information given by me [among which was the representation as to his employment] is true, relying upon which said People's Credit Co., leases said goods to me this day, and I agree that if any of said information is false, said People's Credit Co., may retain all sums of money, paid by me, as liquidated damages sustained through such deceit."

At the close of the evidence the defendant asked the trial judge to rule that the plaintiff could not recover on either count. The judge refused to do so, and found for the plaintiff in the sum of $35.57. The defendant alleged exceptions.

*H. A. Mintz,* for the defendant.

*E. P. Benjamin,* for the plaintiff.

BRALEY, J. The plaintiff under the R. L. c. 173, § 6, cl. 6, has declared in contract for money had and received, and in tort for the conversion of the same amount, with an averment that both counts are for one and the same cause of action. No request that the plaintiff be required to elect having been made at the close of the evidence and the finding in her favor having been general, it is contended that the action cannot be maintained on either count. *Teague* v. *Irwin,* 134 Mass. 303, 307. The counts are not inconsistent.

If the defendant has converted to his own use the money of the plaintiff represented by the bank bills and silver coin delivered to his agent entrusted with the transaction of the business, trover will lie, as well as the common count for money had and received. *Morrin* v. *Manning,* 205 Mass. 205, 211.

It is familiar law, that where a case is tried before a judge sitting without a jury his findings of fact, if warranted by the evidence, are conclusive. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. The defendant does not deny that he received the money, and has refused on demand to return it, and on the plaintiff's testimony when delivered the money was her property.

It is asserted, that under the terms of the lease or conditional contract of sale, the money can be retained as liquidated damages, because the contract therein set forth has not been performed on her part. But, even if Cunningham who executed the lease could have been found to have acted as her agent, yet, upon the uncontradicted evidence the defendant, after the plaintiff had selected the articles of wearing apparel which were the subject of the proposed purchase, refused to complete the sale and repudiated the transaction. The goods were never delivered or even tendered, and, there having been no binding contract between the parties, there has been no breach to which the alleged clause of forfeiture can be applied, as in *Morrison* v. *Richardson,* 194 Mass. 370, 376, 377.

It further is urged, that, as an action for money had and received is in the nature of an equitable remedy, the defendant should be permitted to retain what he received. *Cole* v. *Bates*, 186 Mass. 584, 586. The statement of this proposition is enough to show its unsoundness. To permit him to be enriched by that for which he has given no equivalent, and where he has not shown that he suffered any pecuniary loss through any fault of the plaintiff, would be to confer a legal right which the law does not recognize. *Devlin* v. *Houghton*, 202 Mass. 75.

<em>Exceptions overruled.</em>