LOUIS E. FLYE, administrator, *vs.* MARY F. HALL.

Suffolk.   May 15, 1916. — June 21, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Pleading, Civil,* Declaration, Bill of particulars.  *Conversion.  Contract,* Implied.  *Evidence,* Relevancy and materiality, Remoteness, Admissions, Testimony of witness in another proceeding.  *Witness.*

There is no objection to the combination, in a declaration in an action of tort or contract, of a count for the conversion of money with a count for money had and received and a count upon an account annexed, all being for the same cause of action.

Such an action may be maintained although the plaintiff, upon the same facts, might have relief in a suit in equity for the termination of a trust and an accounting.

Where all the particulars necessary to a clear understanding of a cause of action are set forth in a declaration, they need not be repeated in a bill of particulars.

It is not necessary to use in a declaration the same detail of description of a cause of action that is called for in the presentation of evidence.

Where, at the trial of an action by the administrator of the estate of a mother against her daughter for money had and received, the plaintiff contended that the mother gave to the daughter sums of money at various times to be used for the mother's support and that the daughter was retaining a portion of such money that had not been expended, and financial dealings between the parties from July, 1900, to May, 1912, were in evidence and the defendant contended and introduced evidence tending to show that there was an accounting between the parties in October, 1905, and that a different arrangement was made beginning on January 1, 1906, the defendant properly was required in the discretion of the trial judge to answer the question, "What were your receipts in 1905 ? "

At the same trial an unsigned statement of the account between the parties which, according to some of the evidence, was handed by the defendant to the plaintiff, was admissible in evidence as an admission by the defendant, although she denied having given it to the plaintiff.

Also, testimony of the defendant as a witness in a proceeding in the Probate Court, which tended to contradict her testimony at the current trial, was admissible in evidence.

RUGG, C. J. This is an action of tort or contract. The declaration as amended contains three counts, one for the conversion of money, the second for money had and received, and the third on an account annexed, all being for the same cause of action. The first and second counts in substance aver that the plaintiff's intestate during her life handed to the defendant various sums of money to be used for the support of the plaintiff's intestate, the defendant's mother, and that a part only had been used for that purpose.

The defendant demurred to the declaration on various grounds. In support of the demurrer an elaborate and extended argument has been presented. It might have required detailed discussion in days when greater strictness of civil pleading was required. Now it is enough if the substantive facts necessary to constitute a cause of action are stated concisely and with substantial certainty. R. L. c. 173, § 6. . . . ..

There is no objection to the combination in one declaration of a count for conversion with one for money had and received and another on an account annexed for the same transaction. *Devlin* v. *Houghton,* 202 Mass. 75. *Brown* v. *Sallinger,* 214 Mass. 245, 248. It is not fatal to the maintenance of this form of action that a suit in equity might have been maintained for the termination of a trust and an accounting. *Spear* v. *Coggan,* 223 Mass. 156. The same facts may be the basis for an action for money had and received. *Farrelly* v. *Ladd,* 10 Allen, 127. The particulars of the amounts of money placed in the defendant's hands having been set forth in the body of the count, need not have been repeated by items in a bill of particulars.

Details which might be necessary in evidence, such as the date of the intestate's death, the circumstances of the deposit of the money with the defendant, and the precise terms of the arrangement between her and the intestate, need not be pleaded.

The bill of exceptions states that the financial dealings between the defendant and the intestate between July, 1900, and May, 1912, were the subject of evidence by both parties apparently without objection. The defendant offered evidence tending to prove that there was an accounting in October, 1905, and that a different arrangement was made beginning January 1, 1906. Thereupon the defendant was required, subject to her exception,

to answer the question, "What were your receipts in 1905?" There is nothing in the record to show that this was not permissible within the discretion of the judge. The declaration charged payments made to the defendant beginning with 1902. Her sources of income during the period under inquiry well may have been pertinent. Manifestly this could not be said as matter of law to be going beyond a reasonable time. It was a question of fact whether the accounting was had in 1905.

The unsigned statement of the account which, according to some evidence, was handed by the defendant to the plaintiff was admissible against her even though she denied having given it to the plaintiff. It was in the nature of an admission.

A record of the examination of the defendant in the Probate Court in another proceeding, where the subject matter of this action was inquired into, rightly was admitted in evidence as tending to contradict the defendant's testimony. The record of her former testimony plainly was admissible, either as containing admissions or as tending to shake the value of her present testimony by proof of inconsistent statements made elsewhere. Being properly in evidence, the statements were subject to legitimate comment in argument. No special objection was made at the trial to parts of the examination which now are argued to have been incompetent.

*Exceptions overruled.*

The case was submitted on briefs.

*H. B. Mackintosh & A. L. Braley,* for the defendant.

*F. M. Carroll & L. E. Flye,* for the plaintiff.