TERESA B. HOLMES *vs.* J. JOSEPH CARRAHER, administrator, with the will annexed.

Suffolk.    December 10, 1924. — February 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Amendment.    *Executor and Administrator.*

If a judge of the Superior Court finds that an amendment to an action of contract is proposed to enable the plaintiff to sustain the action for the purpose for which it was intended to be brought, he has power to allow the amendment, although the action originally was in contract against an administrator upon an account annexed for $10,000 for "services rendered as housekeeper to . . . deceased during his lifetime," and the proposed amendment would change the action into an action of contract or tort with a second count in deceit, alleging that the defendant's intestate in 1891 had induced the plaintiff, then sixteen or seventeen years of age, to go to the State of New York for the purpose of being married to him, that a ceremony was gone through with, which she was

induced to believe and did believe was a marriage ceremony; that thereafter she and the intestate lived together as man and wife until 1918, when the intestate informed her that the marriage was invalid; that the marriage was invalid; and that the intestate then married another woman, by whom he had one child, and died leaving the widow surviving.

CONTRACT, afterwards by amendment CONTRACT OR TORT, originally with a declaration containing a single count upon an account annexed for $10,000 for "services rendered as housekeeper to George E. Bruce, deceased, during his lifetime." Writ dated March 16, 1921.

In the Superior Court, the action came on to be tried before *Callahan*, J., when the proceedings relating to the amendment, described in the opinion, occurred. After the denial of the motion to amend the declaration, the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*D. B. Jefferson*, for the plaintiff.

*W. Flaherty & M. C. Kelleher*, for the defendant.

BRALEY, J. This action originally was in contract for services rendered by the plaintiff to the defendant's testator. But upon the statements of her counsel in his opening to the jury, counsel for the defendant having suggested that she could not recover, the plaintiff moved to amend the writ by alleging that the action was either in contract or tort. The motion having been allowed without exception by the defendant, the plaintiff then moved to amend the declaration by adding a count in tort. The defendant objected, and the judge made an order reciting that as matter of discretion he would have allowed the motion, but ruled as matter of law that the court had no power to allow it. The plaintiff excepted.

If it is doubtful whether a cause of action is in tort or in contract, a count in tort may be joined with a count in contract, with an averment that both counts are for one and the same cause of action. G. L. c. 231, § 7, cl. 6; Gen. Sts. c. 129, § 2, cl. 5. The court also may at any time before final judgment allow an amendment changing the form of action, or any other amendment in matter of form or substance in

any process, pleading or proceeding which may enable a plaintiff to sustain the action for the cause for which it was intended to be brought. G. L. c. 231, § 51. The amendment of the writ was in effect the same as if the action had been begun as an action of contract or tort. *Flye* v. *Hall*, 224 Mass. 528, 529. *Lufkin* v. *Cutting*, 225 Mass. 599. *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 2, 6.

The facts as stated by the plaintiff's counsel were, "That in March of 1891, the plaintiff, then being a girl between sixteen and seventeen years of age, accompanied the testator to New York for the purpose of being married; that in New York, the plaintiff and the said testator, then and there, went through a form of marriage which she was induced to believe, and did believe, was lawful; that they, after the plaintiff believed that she and the testator were lawfully married, returned to the Boston home of the testator where the plaintiff and the testator lived together as husband and wife from that time until January of 1918; that during all this time she believed that she and the testator were man and wife by virtue of the ceremony performed in New York; that she performed all the duties of a housewife, did all of the housework, attended to all things necessary, usual and incidental in the conduct of a home, and performed all other duties that a wife usually performs for her lawful husband; that in said January of 1918 the testator, for the first time, informed the plaintiff that the form of marriage they went through in New York was not a legal marriage; that the plaintiff was not his lawful wife, and that she later discovered that this was true, and thereafter, the testator married another woman in a lawful way, by whom he had one child, and who is now his widow."

We are not concerned with the question whether an action of tort can be maintained, or whether the proposed count, if allowed, was demurrable. *Lowrie* v. *Castle*, 225 Mass. 37, 41. The question is whether as matter of law the judge was without authority to allow this amendment. The intention of the plaintiff in bringing suit is the important element by which the court is to be governed in the exercise of the power

of allowing amendments changing the form of action. *Mann* v. *Brewer,* 7 Allen, 202, 204. The remedies invoked by the plaintiff rest on the testator's fraud practised intentionally upon her, and on the record they are not inconsistent. The cause of action set out in the amendment was substantially based on the same misrepresentations as those relied on in the count in contract for the value of her services. It did not state a new or independent cause of action not in existence at the date of the writ. *Teague* v. *Irwin,* 134 Mass. 303, 307. *Mahon* v. *Blake,* 125 Mass. 477, 480. *Brown* v. *Sallinger,* 214 Mass. 245. *Flye* v. *Hall,* 224 Mass. 528. *Loomis* v. *Pease,* 234 Mass. 101. The question of identity furthermore is one of fact, and it was for the judge to find whether the amendment might enable the plaintiff to maintain her action for the cause for which it was intended to be brought. *Driscoll* v. *Holt,* 170 Mass. 262, 265. *King* v. *Howes,* 181 Mass. 445, 446. *Herlihy* v. *Little,* 200 Mass. 284, 289. *Lufkin* v. *Cutting, supra.* G. L. c. 231, § 128. The cases of *Campbell* v. *Russell,* 139 Mass. 278, where it was held that an amendment is not to be allowed for the purpose of enabling the action to be maintained in another person's name and upon a different cause of action, and *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231, holding that an action of tort for personal injuries brought by the intestate could not be amended by his administrator by adding a count for the intestate's death, and *Brooks* v. *Boston & Northern Street Railway,* 211 Mass. 277, denying an amendment where the plaintiff died previous to the date of the writ and the administrator was not appointed until a year thereafter, and *Strout* v. *United Shoe Machinery Co.* 215 Mass. 116, 119, deciding that damages which the plaintiffs sought in their own name could be recovered only by the corporation in which they were stockholders, are clearly distinguishable.

The court also directed a verdict for the defendant. But the exceptions thereto not having been argued are treated as waived.

*Exceptions sustained.*