CHARLES F. DODSON, special administrator, *vs.* JAMES MARONEY (and a companion case). April 7, 1983. Two actions brought on behalf of Mae E. Askling were consolidated and heard in a Probate Court; one seeking money damages from the defendant Maroney for conversion of the funds of Askling, and the other seeking a determination that the will of Askling dated June 4, 1980, was invalid due to lack of testamentary capacity and undue influence. The action for conversion was originally brought by the trustee of the Mae E. Askling Trust, but after the trust was terminated, Charles Dodson, the guardian of Askling, was substituted. Askling was alive at the time the actions were brought in the Probate Court, but this court was informed at oral argument that Askling had died pending appeal and Dodson had been appointed the special administrator. The probate judge issued orders in effect dismissing the complaint for conversion and declaring that the will of Askling was valid. We treat the orders entered below as judgments, and hold that they must be vacated.

1. In the first action the plaintiff seeks the return of funds of Askling allegedly converted by Maroney, and the judge below treated the complaint as a simple action of conversion. See *Brown* v. *Sallinger*, 214 Mass. 245, 247 (1913). An action seeking money damages for conversion does not fall within the jurisdiction of a Probate Court as set forth in G. L. c. 215, § 3. Nor is such an action "cognizable under the general principles of equity jurisprudence" within the meaning of the first paragraph of G. L. c. 215, § 6, as appearing in St. 1975, c. 400, § 55. Pursuant to G. L. c. 201, § 48, a Probate Court may "cite and examine" a person suspected of having "fraudulently received, concealed, embezzled or conveyed away" the property of a ward "in the manner and subject to the penalties provided in section forty-four of chapter two hundred and fifteen." Such a proceeding, however, is for purposes of discovery rather than for granting relief, and as is the case under G. L. c. 215, § 44; "no jurisdiction is conferred upon probate courts to proceed further against the person examined." *McNulty* v. *Howe*, 290 Mass. 597, 598 (1935).

See G. L. c. 215, § 44. *LaChapelle* v. *United Shoe Mach. Corp.*, 318 Mass. 166, 169 (1945). Therefore the Probate Court lacked subject matter jurisdiction and the order must be vacated.

2. Pursuant to the first paragraph of G. L. c. 231A, § 2, inserted by St. 1945, c. 582, § 1, declaratory relief is available in appropriate situations "to secure determinations of right, duty, status or other legal relations under deeds, wills or written contracts." See *Billings* v. *Fowler*, 361 Mass. 230, 234 (1972). However, such relief may be refused where it "would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons." G. L. c. 231A, § 3, inserted by St. 1945, c. 582, § 1. With respect to will contests, the normal procedure for attacking a will on the grounds of undue influence or lack of testamentary capacity is to oppose the allowance of a will after it has been offered for probate. See *Brignati* v. *Medenwald*, 315 Mass. 636, 637-638 (1944). G. L. c. 191, § 7. In the instant case, there was no evidence to indicate that a declaratory judgment in advance of the normal probate proceeding was warranted by any exceptional circumstance. Since Askling was alive at the time the order was entered, she could have revoked the document in issue, and no declaration would have terminated any controversy. In the circumstances, the Probate Court should not have entertained the action, and the order must be vacated. Askling has died and the proper procedure for any contest of the will lies in opposing the will after it is offered for probate.

For the reasons discussed, the judgments below are vacated, and new judgments are to be entered dismissing the complaints.

*So ordered.*

*Charles F. Dodson* for the plaintiff.
*James Maroney*, pro se.