20 Mass. App. Ct. 166 (1985)
478 N.E.2d 1289
JEANNE M. FEENER
vs.
NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY & another.[1]
Appeals Court of Massachusetts, Essex.
February 12, 1985.
June 3, 1985.
Present: DREBEN, KAPLAN, & WARNER, JJ.
Robert J. Muldoon, Jr. (Barbara A. O'Donnell with him) for the plaintiff.
Walter J. Connelly for John Hancock Mutual Life Insurance Company.
John S. May for New England Telephone and Telegraph Company.
KAPLAN, J.
We reverse judgments of the Superior Court for error in the application of rules of former adjudication.
Present action. The plaintiff Jeanne M. Feener, second wife and widow of James E. Feener, Jr., sued New England Telephone and Telegraph Company (NET) and John Hancock Mutual *167 Life Insurance Company (Hancock) in Superior Court charging them with negligence. The complaint alleged that James was provided by NET, his employer, with group life insurance pursuant to a contract between NET and Hancock. Sometime in August or September, 1978, James allegedly delivered to NET a notice of change of beneficiary which should have been so dealt with as to remove his estate as his named beneficiary under the group policy and to substitute Jeanne as his sole beneficiary. However, through the negligence of NET or Hancock, the intended change of beneficiary was not accomplished. After the death, intestate, of James on December 5, 1980, Hancock issued its check for the insurance proceeds, $49,470.24 ($48,000 plus interest), in favor of Jeanne as administratrix of James's estate. In the course of the proceedings in Probate Court, these insurance proceeds were ordered distributed as upon intestacy (G.L.c. 190, § 1), that is, one-half to Jeanne, and one-half in equal shares to Alan and Kristine Feener, James's two children by his first wife. The negligence alleged thus resulted in a loss of $24,735.12 to Jeanne, for which she sought judgment against one or the other of the defendant companies.
Hancock answered the complaint, raising, among other things,[2] the defense of former adjudication. It then moved for summary judgment on that ground, setting out the proceedings in Probate Court.[3] Jeanne filed an affidavit further describing those proceedings. Evidently intending to raise the like defense of former adjudication, NET moved under Mass.R.Civ.P. 12(b) (6), 365 Mass. 755 (1974), to dismiss the complaint for failure to state a claim. The 12(b) (6) motion was not the best suited to the purpose,[4] but, in the interests of efficient disposition, *168 we shall treat NET as if it had joined Hancock in invoking the probate proceedings. A judge of the Superior Court, without explanation, entered judgments for the defendants, from which Jeanne takes her appeal.
Prior probate proceedings. Jeanne was appointed administratrix on May 20, 1981. The check in question, representing in amount nearly the whole of the estate, was received in July, 1981. On November 29, 1982, Alan and Kristine Feener, pointing to their need to receive their inheritance (both were of school age), petitioned the probate judge to order the administratrix to render an account. The petition met a complaint for instructions on the part of Jeanne, as administratrix, joining as defendants herself, as an individual, Alan, Kristine, and NET. This pleading recited the alleged delivery of the notice of change of beneficiary to NET and negligence by NET in handling the notice, and prayed instructions as to distribution. Jeanne, individually, did not answer or move. Alan and Kristine answered asserting that no change of beneficiary had been effected and praying distribution by intestacy. NET answered, denying any delivery of a notice of change of beneficiary and any negligence in that regard. (It filed a motion looking to the joinder of Hancock as a party defendant, but the motion was not pressed.)
A hearing was held on January 3, 1983, but no evidence was offered or received.
In "Findings and Final Judgment" of March 24, 1983, the probate judge found that James's estate was the designated beneficiary of the insurance; ordered Jeanne as administratrix to file her inventory and final account and to distribute the assets of the estate according to the intestacy law; and denied the complaint for instructions. The probate judge also entered an order of dismissal, with prejudice, of that complaint. Thereafter Jeanne, individually, and Alan and Kristine, in consideration of the distributions made to them respectively, formally released Jeanne, as administratrix, of all demands and assented to her account; and the probate judge allowed the account.
Discussion. Counsel for the children contended in Probate Court that Jeanne, as an individual, had no claim against the *169 estate nor had she filed any (see G.L.c. 197, § 9). As administratrix, Jeanne was left with the clear and single duty of distributing the assets of the estate. Her individual claim, if any, was exterior to the estate and against the companies. A petition for instructions was inapposite, as the Probate Court could not afford her a remedy. Her remedy, if she had one, was to be found in the Superior Court.
Upon consideration of the probate proceeding, we see that the judge accepted the foregoing contention. He took no evidence about negligence and made no ruling on any phase of that claim. He dismissed the complaint for instructions with prejudice without giving instructions positive or negative.[5] He ordered distribution of the estate. There was no appeal.
In short, the probate judge accepted that a remedy for the negligence alleged could not be afforded in probate. Indeed, that claim lay beyond the competence of the Probate Court: like a claim for conversion or for breach of contract, the simple negligence claim, as such, was outside both the general and equity jurisdictions of the court, G.L.c. 215, §§ 3, 6. See Prahl v. Prahl, 335 Mass. 483, 485 (1957); Corkery v. Philbrook, 6 Mass. App. Ct. 861 (1978); Dodson v. Maroney, 15 Mass. App. Ct. 982 (1983). Cf. Lucier v. Williams, 323 Mass. 458, 459 (1948); Nixon v. Levinson, post 904, 905-906 (1985). Contrast Glick v. Greenleaf, 383 Mass. 290, 293-295 (1981), S.C., 9 Mass App. Ct. 606, 608 (1980). It is conceivable that pursuant to Konstantopoulos v. Whately, 384 Mass. 123, 129 (1981), the Chief Administrative Justice might have agreed to vest the probate judge with the powers of judge of the Superior Court and enabled him to handle the negligence claim; but that did not occur.
In the present negligence action by Jeanne, individually, against NET and Hancock in Superior Court, NET argues that *170 the subject of the action is precluded as having been part of the probate proceedings as described ("claim preclusion"), or at least that the issue of NET's negligence was decided there against Jeanne ("issue" preclusion). But if, as we have suggested, the probate judge excluded the negligence claim, as he had been urged by the children  and could consider himself bound jurisdictionally  to do, there is no preclusion of either sort. See Restatement (Second) of Judgments § 26 (1) (c) and comment c (1982); Restatement of Judgments § 65 (2) (1942);[6] 18 Wright & Miller, Federal Practice and Procedure § 4412 (1981). The case of Naughton v. First Nat. Bank, 4 Mass. App. Ct. 624, 628 (1976), illustrates the principle: there the first action in Superior Court failed for lack of competence to give a remedy, and a second action on the same claim could be maintained in the Probate Court which was not thus disabled. Contrast Dowd v. Morin, 18 Mass. App. Ct. 786, 793-794 (1984).[7]
Hancock was not a party to the probate proceedings but seeks to avail itself of them. It says that the issue of negligence was litigated and determined in probate against Jeanne, individually; therefore she may not succeed on that issue even as against a party not joined in probate. See Restatement (Second) of Judgments § 29 (1982); Giedrewicz v. Donovan, 277 Mass. 563 (1931). Contrast Albernaz v. Fall River, 346 Mass. 336, 339-340 (1963). As we have seen above, the predicate of Hancock's *171 argument, namely, that the negligence issue was earlier decided against Jeanne, is false.[8]
The Judgments in favor of NET and Hancock are reversed, and the action will stand for further development.
So ordered.
NOTES
[1] John Hancock Mutual Life Insurance Company.
[2] Here and elsewhere in this opinion we omit details not pertinent to the basic question at bar.
[3] Hancock also filed the group insurance agreement between NET and itself, together with an affidavit of a Hancock employee discussing the working relationship between the two companies under the agreement. See n. 8 below.
[4] See Dowd v. Morin, 18 Mass. App. Ct. 786, 789 n. 9 (1984); 18 Wright & Miller, Federal Practice and Procedure § 4405. at 36 (1981).
[5] The words "with prejudice" cannot fairly be taken as a substantive ruling that NET was not negligent. More likely they were intended to signify that the negligence claim could not be adjudicated in probate. Cf. Restatement (Second) of Judgments § 20 (1) (a) and comment d (1982) (where action is dismissed for lack of jurisdiction, the claim survives even if the judgment reads "with prejudice" or the like).
[6] Under § 26 (1) (c) there is no preclusion in situations where "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on ... forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief." In the earlier Restatement, § 65 (2) stated: "Where a judgment is rendered in favor of the defendant because the plaintiff seeks a form of remedy which is not available to him, the plaintiff is not precluded from subsequently maintaining an action in which he seeks an available remedy."
[7] The preclusion question is answered the same way if the first court could legally provide the remedy but the judge dismissed on the erroneous view that it could not. See Restatement (Second) of Judgments § 26 (1) (c) and comment d (1982); 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4413 (1981).
[8] Hancock, in annexing the NET-Hancock agreement (see n. 3 above), suggests that any duty of dealing with a notice of change of beneficiary fell to NET, not Hancock, under the terms of the agreement, especially as explained in the affidavit of the Hancock employee, and the negligence, if any, toward Jeanne is therefore chargeable to NET alone. In our view the question cannot be decided safely on the basis of these papers without more.