Hopkins, Merita A., J.
The plaintiff, Richard Wilson (“Wilson”), brings this action again the Estate of Jane A. Arcese (“Estate”); 297 Grove Street Nominee Trust; Jane A. Arcese Living Trust; Courtney Jo Arcese (“Courtney”), as Trustee; and Stephanie M. Arcese (“Stephanie”), as Trustee, challenging the distribution of the estate of his late wife. This matter is before the court on Courtney’s and Stephanie’s motion to dismiss the complaint and Wilson’s motion for leave of court to file an amended complaint. For the reasons stated below, the plaintiffs motion is DENIED, and the defendants’ motion is ALLOWED.

BACKGROUND

This dispute concerns the estate of the late Jane Arcese (“Mrs. Arcese”), who passed away on Januaiy 13, 2007. Mrs. Arcese was the wife of Wilson and the mother of Courtney and Stephanie (collectively “the daughters”). Wilson is not the daughters’ father.
Approximately five months before her death, Mrs. Arcese was diagnosed with terminal cancer. Following her diagnosis, she required constant care and was taking heavy doses of medication. At times she appeared confused and unaware of her surroundings. During these months, Wilson alleges that Courtney and Stephanie made efforts to persuade Mrs. Arcese to dispose of her property in such a manner that would benefit only the daughters. Mrs. Arcese owned real properties located at 296 Grove Street, Framingham, Massachusetts and 15 Cottage Drive, Sanbomton, New Hampshire. She also owned substantial personal property. On or about November 1, 2006, Mrs. Arcese executed a Last Will and Testament. She named Hemy J. Arcese, Jr. (“Hemy”) as the executor. Wilson claims that this will designates the daughters as the primary beneficiaries and excludes himself. Mrs. Arcese’s will has not been though probate.
Wilson also alleges that Mrs. Arcese executed some intervivos trusts, of which Courtney and Stephanie serve as trustees, and transferred ownership of the real properties that she owned to these trusts. He argues that these trusts were created for the benefit of the daughters and not himself. In addition, Wilson claims that the trusts are in the process of selling these homes. He also states that items of personal property belonging to him are located in these homes.
Wilson filed a complaint against the Estate of Jane A. Arcese (“the Estate”); 297 Grove Street Nominee Trust; and the daughters, as trustees for the following counts: replevin and a claim under G.L.c. 191, §15 against all five defendants. The Court granted to Wilson a temporary restraining order (“TRO”). The TRO forbade the daughters, acting individually or otherwise, from disbursing any of the proceeds from the sale of the two real properties named above. Then, by agreement of the parties filed with the court, Wilson consented to the sales of the properties and the daughters agreed not to disburse the proceeds of these sales. Thereafter, Wilson filed for leave to amend his complaint. He seeks to add the following persons as defendants: Hemy as the Proposed Executor of the Estate; Linda Howard Isenberg, as trustee; Judith Coakley, as trustee; and the daughters, individually. The amended complaint contains the following counts: replevin and a claim under G.L.c. 191, §15 against all defendants, including those named in the first complaint; undue influence against the daughters, individually; and a claim under G.L.c. 191, §13 against the daughters and Hemy.

DISCUSSION

I. Defendant’s Motion to Dismiss

A. Standard of Review

Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure permits the court, upon the motion of a *12 party, to dismiss a complaint for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) calls upon the court to test the legal sufficiency of the complaint. When considering such a motion, the court accepts as true all factual allegations contained in the complaint and draws all reasonable inferences in the plaintiffs favor. Harvard Crimson, Inc. v. President and Fellows of Harvard Coll., 445 Mass. 745, 749 (2006). The defendant is entitled to judgment pursuant to Rule 12(b)(6) when “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (internal quotations and citation omitted).[2]
Rule 12(b)(1) of the Massachusetts Rules of Civil Procedure allows the court to dismiss a claim for want of subject matter jurisdiction. Mass.R.Civ.P. 12(b)(1). “Subject matter jurisdiction cannot be conferred by consent, conduct or waiver.” Litton Bus. Sys., Inc. v. Commissioner of Rev., 383 Mass. 619, 622 (1981). The court “must take note of lack of jurisdiction whenever it appears, whether by suggestion of a party or otherwise.” Id. ‘The burden is on the party asserting jurisdiction to prove jurisdictional facts.” Miller v. Miller, 448 Mass. 320, 325 (2007).

II. Estate as a Party

One of the named defendants, the Estate, does not have the capacity to be sued. Under Massachusetts law, claims for damages to be paid from the estate of the deceased person must be brought against the individual serving as the administrator of the estate. See Chandler v. Dunlop, 311 Mass. 1, 5 (1942); see also F.D.I.C. v. Connor, 20 F.3d 1376, 1384 (1994) (“An estate is not a legal entity and cannot be sued as such”). Wilson’s assertion that no administrator of Mrs. Arcese’s estate has been appointed does not change this requirement. As such, all claims against the Estate are dismissed pursuant to Mass.R.Civ.P. 12(b)(6).
C. General Law c. 191, §15
Wilson has not alleged facts sufficient to show that this court has jurisdiction over his claims under G.L.c. 191, §15. This statute, by its plain language, specifically gives jurisdiction to the probate court. It allows a surviving spouse of a decedent to take a specified share of the estate by “filling] in the registry of probate a writing signed by him or her.” More generally, it is the Probate Court that “ha[s] jurisdiction of probate of wills, of granting administration on the estates of persons who at the time of their decease were inhabitants of or residents ... of the commonwealth.” G.L.c. 215, §3. Challenges to a person’s will must be brought in probate court. Brignati v. Medenwald, 315 Mass. 636, 637 (1944) (“The only method provided by our law for the ascertainment of the validity of an instrument purporting to be the last will of a resident decedent is by a decree of the Probate Court for the county in which the decedent was domiciled at the time of his death”). In attempting to make a claim under G.L.c. 191, §15, Wilson is bringing a challenge to the distribution of his late wife’s assets. He is challenging her will and the intervivos trusts, alleging that they unfairly exclude him. He does not claim that the distribution of Mrs. Arcese’s estate violated any separate common-law rights. See, in contrast, Slawsby v. Slawsby, 33 Mass.App.Ct. 465, 466 (1992) (case in Superior Court involving a son bringing a quantum meriut claims against the executors of his father’s estate); Ratchford v. Ratchford, 397 Mass. 114, 115 (1986) (Boston Municipal Court had jurisdiction over a contract between ex-spouses). Overall, because of the plain language of the statute under which Wilson brings his claim and the statute conferring the general authority of the Probate Court, the Superior Court does not have jurisdiction over this cause of action.
Moreover, because of the improper timing of his filing, Wilson has failed to state a claim for relief under G.L.c. 191, §15. The statute provides that a surviving spouse must state a claim under this law “within six months after the probate of the will” of the decedent. Here, the probate of Mrs. Arcese’s will has not yet occurred. Thus, any. claim Wilson may have under this statute is premature at this time.
All claims under G.L.c. 191, §15 are dismissed under Mass.R.Civ.P 12(b)(1) and (6).

D. Replevin

Wilson’s complaint does not contain facts sufficient to comprise a claim for replevin. “The elements of replevin are: (1) the goods in question have a value greater than twenty dollars; (2) the goods are unlawfully taken or detained; and (3) the owner or person entitled to possession is deprived of the goods.” Evergreen Marine v. Six Consignments of Frozen Scallops, 806 F.Sup. 291, 294 (D.Mass 1992) (vacated on other grounds 4 F.3d. 90 (1st Cir. 1993)), citing G.L.c. 247, §7. A party seeking replevin “must maintain his case on the strength of his own title or claim. It is immaterial whether the defendant has or has not any title, if the plaintiff fails to show any in himself.” Davis v. Smith-Springfield Body Corp., 250 Mass. 278, 284 (1924). Further, “(n]ot only must the plaintiff have the right to possession generally, but he must have the right to immediate, exclusive and unqualified possession of the property as against each defendant.” DaSilva v. Coffee Connection, Civil No. 94-3561 (Middlesex Super.Ct. November 17, 1994) (Hinkle, J.). Wilson’s complaint reads that the homes now in trust “contain personal property belonging exclusively to the plaintiff.” He goes on to request orders “safeguarding and preserving” and allowing him “seasonably to retrieve” his property. Missing from these facts is any specificity to ownership of property and its value; any allegation that the defendants are unlawfully detaining the property; and any allegation that the plaintiff is, in fact, deprived of his possessions. Rather, the plaintiffs allegations seem to anticipate lack of access to posses *13 sions. Based on these facts, the court cannot infer that any unlawful detention is taking place. As such, the claim for replevin is dismissed.

II. Plaintiff’s Motion to Amend the Complaint

A.Standard off Review

“The decision whether to grant a motion to amend is within the discretion of the judge.” Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991). One ground for denying such a motion is “futility of the amendment.” Manfrates v. Lawrence Plaza Limited Parts, 41 Mass.App.Ct. 409, 413 (1996) (citations omitted).

B.General Laws c. 191, §13

The statute provides that “a person having custody of a will” must deliver this document to the Probate Court within 30 days of the testator’s death. G.L.c. 191, §13. Failure to do so “after being duly cited for that purpose by such court” may result in commitment to jail. In his complaint, Wilson implies, although does not directly state, that the daughters and Henry have Mrs. Arcese’s will in their possession and have yet to turn it over to the Probate Court. Under these circumstances, G.L.c. 191, §13 does not provide him with any relief. The statute states that a person may be compelled to deliver a will, only after a citation from the Probate Court. Nowhere in the complaint does Wilson allege that Henry or the daughters have received any such citation. As such, Wilson’s amended complaint does not contain facts that would entitle him to relief under this statute. Therefore, this count would ultimately be dismissed and the amendment would be fruitless.

C.Undue Influence

Wilson’s claim for undue influence must fail, as it is not yet ripe for review. The elements of undue influence are “(1) unnatural disposition . . . made (2) by a person susceptible to undue influence to the advantage of someone (3) with an opportunity to exercise undue influence and (4) who in fact has used that opportunity to procure the contested disposition through improper means.” Heinrich v. Silvernail, 23 Mass.App.Ct. 218, 223 (1986). “The normal procedure for attacking a will on the grounds of undue influence ... is to oppose the allowance of a will after it has been offered for probate.” Dodson v. Maroney, 15 Mass.App.Ct. 982, 983 (1983). In Dodson, the Court reversed a decision to invalidate a will that had yet to go through probate, because no “exceptional circumstance” warranted avoiding this standard course of action. Id. Similarly, nothing here indicates that Wilson should be permitted to challenge his late wife’s will before it goes through probate. Thus, Wilson’s claim of undue influence would be premature, and the court would be compelled to dismiss it.

ORDER

For the foregoing reasons, it is hereby ORDERED that the plaintiffs Motion for Leave to Amend the Complaint is DENIED, and the defendants’ Motion to Dismiss is ALLOWED.

The recent decision by the Supreme Court of the United States in Bell Atlantic Corp. v. Twombly, 550 U.S. (2007) (May 21, 2007), has, to date, had no effect on Rule 12(b)(6) law or practice in Massachusetts. Indeed the SJC’s June 4, 2007, decision in Chokel v. Genzyme Corp., 449 Mass. 272, 273 (2007), cites positively to the familiar Conley v. Gibson formulation, criticized by the majority in Twombly.