Curran, Dennis J., J.
Jia Na Lee alleges that her late husband’s sons, David Kit-Yee Lee and Kit Hung Lee, took money from the trust established by her late husband without valid authorization. She further alleges that the Bank of Canton, Brookline Bank, Santander Bank, and the Pacific Life Insurance Company were negligent and breached contracts by permitting David and Kit to access the funds.
In the motion before the court, the defendants David and Kit seek to transfer this case to the Norfolk Counly Probate and Family Court because they wish to challenge the validity of the amendments to their father’s will, which made Ms. Lee a beneficiary and personal representative of the estate. They further suggest their defense to these claims will have common factual questions with the will contest, and that consolidation of these cases would avoid multiple litigation of the same issue and promote judicial economy. Ms. Lee and Santander Bank oppose the motion to transfer on the grounds that the Probate and Family Court lacks subject matter jurisdiction over the claims in this suit.
The court granted the motion on April 24, 2014. Upon reconsideration, David Kit-Yee Lee and Kit Hung Lee’s motion for administrative transfer to the Norfolk County Probate and Family Court is DENIED.
FACTUAL BACKGROUND
On November 2, 1991, Jia Na Lee’s late husband, Yee Soon Lee, executed a trust document creating the Yee Soon Lee Revocable Trust. Under that document, Mr. Lee and his two sons, David Kit-Yee Lee and Kit Hung Lee, were all named as trustees. On November 3, 1993, Mr. Lee amended the trust document to remove his two sons as trustees.
On December 7, 1993, Mr. Lee married Ms. Lee. In December of 2009, Mr. Lee again amended the trust and named Ms. Lee as successor trustee and a beneficiary. David and Kit were notified of all changes to the trust documents. Mr. Lee died on December 1, 2013.
Between September and December of 2013, David and Kit removed trust funds from accounts at the Bank of Canton, Brookline Bank, Santander Bank, and Pacific Life Insurance Company. Neither David nor Kit were listed as a trustee or held a valid power of attorney during this time. As a result, Ms. Lee sued David and Kit alleging conversion and fraud, as well as the bank for breach of contract and negligence.
DISCUSSION
The Probate and Family Court is a court of general equity jurisdiction. G.L.c. 215, §§3, 6. It also maintains concurrent jurisdiction with the Superior Court in all cases and matters that seek equitable relief relative to trusts. See G.L.c. 212, §6. However, merely having concurrent jurisdiction over a particular subject matter does not require transfer to the Probate and Family Court. Here, Ms. Lee has asserted tort and contract claims relating to the loss of trust funds, claims over which the Superior Court has proper jurisdiction. See G.L.c. 212, §4.
The Probate and Family Court does not have subject matter jurisdiction over conversion claims. See Dodson v. Maroney, 15 Mass.App.Ct. 982, 983 (1983). In Dodson, where the plaintiff sought the return of funds that had allegedly been taken from a trust account, the trial court properly found that the Probate Court lacked subject matter jurisdiction over the conversion claim. See id. at 982-83. Similarly, claims for breach of contract and simple negligence are outside the general and equity jurisdiction of the Probate and Family Court. See Feener v. New England Tel. & Tel. Co., 20 Mass.App.Ct. 166, 169 (1985).
In the Probate and Family Court, David and Kit seek to challenge the amendments made to their father’s will, alleging that Ms. Lee exerted undue influence over her husband. They claim that their defense here, that Ms. Lee exerted undue influence over Mr. Lee in amending the trust, presents the same issue because the amendments were executed on the same day and would likely have common factual questions. David and Kit answer that the failure to transfer this case to the Probate and Family Court would result in multiple litigation of these issues.
In support, David and Kit cite Cohen v. Solomon, 84 Mass.App.Ct. 1115 (2013) (1:28), in which a judge of the Superior Court dismissed a complaint under Mass.R.Civ.P. 12(b)(9), a clearly distinguishable factual scenario. In Cohen, there was a pending case in the Probate and Family Court between the same parties and over the same issues as the subsequent Superior Court case. See Cohen, 84 Mass.App.Ct. *344 1115. David and Kit concede in their memorandum that there is presently no case pending in the Probate and Family Court relating to these issues. Furthermore, although David and Kit suggest that amending the documents on the same day will inevitably lead to common factual questions, they present no factual allegations to support this suggestion. In short, they have offered nothing more than speculation to suggest that the issues they claim will be litigated in each court are, in fact, the same.
Therefore, because the Probate and Family Court lacks jurisdiction over the claims alleged in the present suit, the motion for administrative transfer must be denied. See Feener, 20 Mass.App.Ct. at 169; Dodson, 15 Mass.App.Ct. at 983.
ORDER
For the reasons stated, David Kit-Yee Lee and Kit Hung Lee’s motion for administrative transfer to the Norfolk County Probate and Family Court must be DENIED.