CLARENCE LAMB & another *vs.* RENT CONTROL BOARD OF CAMBRIDGE. April 4, 1984. *Rent Control. Statute,* Construction. *Words,* "Removal from the market."

In two instances the plaintiffs converted or caused to be converted two of the four dwelling units in each structure into one apartment, thereby converting each structure from a four-unit dwelling into a three-unit dwelling. The plaintiffs now appeal from a judgment entered in favor of the defendant, Cambridge Rent Control Board (board), determining, among other things, that removal permits were required in order to combine physically the units in question, and that the two properties remain subject to the local rent control provisions. The resolution of the issues presented in this appeal turns on the interpretation of certain provisions of the so-called Cambridge Rent Control Act, c. 36 of the Acts of 1976 (Act), and c. 23 of the Code of the City of Cambridge, Ordinance 926 (ordinance).

In *Flynn* v. *Cambridge*, 383 Mass. 152, 155-156 (1981), the Supreme Judicial Court upheld the validity of the ordinance and observed: "The ordinance prohibits the removal of any controlled rental unit unless the city rent control board issues a permit. . . . In essence, what the ordinance does is require that any unit which is a controlled rental unit on August 10, 1979, remain part of the rental housing stock of the city of Cambridge." In the instant matter, the plaintiffs admit that the properties at issue are subject to the Act and have historically been rented as eight rental units. Thus, prior to the renovations, the properties here were within the Act's definition of "controlled rental unit" and

subject to the removal requirements of the ordinance. It strains both logic and credulity to accept the argument of the plaintiffs here that no units have been *removed* from the rental housing market.

The plaintiffs, however, make two principal arguments on appeal. They first argue that, because § 1 (f) of the ordinance and § 12 of the Act impose criminal penalties for violations, these provisions are criminal statutes. The argument continues that as criminal statutes they must be strictly construed. See *Commonwealth* v. *Clinton*, 374 Mass. 719, 721 (1978). Building on those arguments, the plaintiffs reason that, under a strict construction of § 1 (b) (4) of the ordinance, the renovations made here did not constitute a "removal from the [controlled rental] market." They thus conclude that a removal permit is not required. This line of reasoning is fatally flawed.

Criminal statutes should be strictly construed but "this maxim is a guide for resolving ambiguity, rather than a rigid requirement that we interpret each statute in a manner most favorable to defendants." *Simon* v. *Solomon*, 385 Mass. 91, 102-103 (1982). We perceive no ambiguity here. The maxim, therefore, does not apply.

Even if the renovations made here do not come within the express provisions of § 1(b) (4), the presence in that provision of the phrase "includes but is not limited to" makes clear that the examples listed in § 1 (b) (4) were not intended to be exclusive. Thus, § 1 (b) (4) of the ordinance gives fair notice that a "[r]emoval from the market" other than as described therein is subject to its terms. The city council need not refer specifically to every transformation that imaginative developers might devise.

The plaintiffs' second argument is that the subject properties are exempt under § 3 (b) (6) of the Act as owner-occupied three-family buildings. This is a bootstrap argument. Section 3 (b) (6) exempts "the rental unit or units in an owner-occupied two-family or three-family house." However, prior to the renovations here, the properties fell within the Act's definition of controlled rental units and were subject to the terms of the ordinance. As the plaintiffs acquired their exempt status by violating the provisions of the ordinance, they cannot now claim a benefit from their wrongful act. See *Deitrick* v. *Greaney*, 309 U.S. 190, 196 (1940) ("It is a principle of the widest application that equity will not permit one to rely on his own wrongful act, as against those affected by it but who have not participated in it, to support his own asserted legal title or to defeat a remedy which except for his misconduct would not be available").

*Judgment affirmed with*
*double costs.*

*Walter H. McLaughlin, Jr. (James W. Murphy* with him) for the plaintiffs.
*Bruce T. Eisenhut* for the defendant.