CAROL ANASTASI vs. RENT CONTROL BOARD OF CAMBRIDGE
and others.[1]

Middlesex.    October 18, 1985. — February 12, 1986.

Present: DREBEN, KAPLAN, & WARNER, JJ.

*Rent Control,* Controlled rental unit.

Where the owner of a four-unit apartment building in Cambridge had failed
to obtain a removal permit, as provided by a city ordinance, before
physically merging two of the rental units and occupying the merged
units herself, the building did not thereby become a three-unit, owner-oc-
cupied structure exempt from the Cambridge Rent Control Act, but
remained a four-unit structure subject to the act. [608-609]

CIVIL ACTION commenced in the Cambridge Division of the
District Court Department on April 11, 1983.

On appeal to the Superior Court Department the case was
heard by *Mel L. Greenberg,* J., on a motion for summary
judgment.

*Patricia A. Cantor (Cheryl Forzley Donohue* with her) for
Rent Control Board of Cambridge.

*Lynn Weissberg* for Michael Forcier (*Harry Sinoff,* pro se,
joined in a brief).

*Anita E. Cohen* for the plaintiff.

WARNER, J. The issue before us grew out of an undisputed
sequence of events which may be summarized briefly (dates
are unimportant). The plaintiff (owner) purchased a four-unit
rent controlled building at 70 Mount Vernon Street, Cambridge,
and she moved into one unit on the third floor. After the tenants
in the second-floor unit below moved out, the owner renovated
the two units by creating direct internal access from the second-
floor unit to the third and by converting a kitchen in the latter
to a bedroom. The combined units were thereafter occupied
by the owner and another. The tenants in two first-floor apart-

---

[1] Michael Forcier and Harry Sinoff.

ments brought complaints to the rent control board of Cambridge (board), alleging, among other things, that their units were still subject to rent control as the owner had not secured a removal permit, as required by a rent control ordinance.

The board adopted the findings and recommendations of its hearing examiner and ruled that the building at 70 Mount Vernon Street continued to be a four-unit controlled rental unit subject to rent and eviction controls under St. 1976, c. 36, the Cambridge Rent Control Act (Act).[2] Further, the board said, the owner had violated the provisions of c. 23 of the Code of the City of Cambridge, Ordinance 966[3] (Ordinance) by failing to secure a removal permit for the third-floor unit. See § 1(c) of the Ordinance.

The owner sought review in the Cambridge Division of the District Court. St. 1976, c. 36, § 10(a). A judge of that court, after a de novo hearing, ruled that since the owner occupied the third-floor unit, a removal permit was not required under the ordinance. The board and the tenants appealed to the Superior Court. G. L. c. 231, § 97, as amended by St. 1977, c. 655, § 2.[4] On cross motions for summary judgment by the board and the owner, a Superior Court judge, stating that he was applying a de novo standard of review, "affirm[ed] the decision of the District Court" and ruled that the building at 70 Mount Vernon Street was to be considered for rent control purposes as a three-unit owner-occupied building.[5]

---

[2] Rental units in an owner-occupied two-or three-family house are exempt from rent control. St. 1976, c. 36, § 3(b) (6).

[3] Ordinance 966 incorporated Ordinance 926 and all amendments thereto with the exception of one not here relevant. The validity of Ordinance 926 was upheld in *Flynn* v. *Cambridge,* 383 Mass. 152 (1981).

[4] Statute 1985, c. 399, § 3, rewrote § 10 of St. 1976, c. 36, eliminating the two-tier trial and substituting elective appeal to either the District Court (Cambridge Division) or the Superior Court (in Middlesex County).

[5] For the proper standard of review of the board's decision and relevant statutory changes and the status of the District Court findings and rulings and judgment, see *Amari* v. *Rent Control Bd. of Cambridge, ante* 598 (1986). The resolution of this case turns on a question of law unaffected by the standard of review.

The owner urges us to adopt the reasoning of the District and Superior Court judges that the exemption from the removal permit requirement in § 1(b) (4) (iv) of the Ordinance for "occupancy of a non-condominium unit by the owner of the building in which it is located" encompasses the physical merger and owner occupancy of multiple rental units. We decline to do so. The flaw in that construction of the exemption (which is to be narrowly construed, see *Martin* v. *Rent Control Bd. of Cambridge,* 19 Mass. App. Ct. 745, 747 [1985]) is that it fails to distinguish between *occupancy* and physical merger of rental units. Where the owner merely occupies a unit or units, the total number of units remains the same and that number determines the applicability of the Act. See *Martin* v. *Rent Control Bd. of Cambridge, supra* at 747-748. In that instance the potential rental housing stock is not reduced, and the objectives of the ordinance are not frustrated. See *Flynn* v. *Cambridge,* 383 Mass. 152, 156 (1981). However, where, as here, two units are physically converted into one, there is a reduction in the dormant rental housing stock which may not be accomplished without a removal permit.[6] In this respect, we· think the case is controlled by our decision in *Lamb* v. *Rent Control Bd. of Cambridge,* 17 Mass. App. Ct. 1038 (1984) (physical combination of two units, thereby converting four-unit dwelling to three-unit dwelling required removal permit under Ordinance 926 even though renovated dwelling was owner-occupied). See also *Martin* v. *Rent Control Bd. of Cambridge, supra* at 749 n.4. Contrary to the owner's argument (adopted by the Superior Court judge), nothing in the *Lamb* decision turns on the fact (as the record in that case reveals) that the combination of the units had been accomplished prior to the purchase of the dwelling by the owner-occupant.

---

[6] We do not consider the owner's argument that an application for a removal permit in the circumstances would be futile because of the paucity of permits granted by the board. Most appropriately, the decision whether to grant such a permit must in the first instance be made by the board. See *Martin* v. *Rent Control Bd. of Cambridge, supra* at 749 n.4. The owner, of course, may have judicial review of an adverse decision on a record which focuses on the relevant issues.

As the board's decision was legally correct, we direct that a judgment enter in the Superior Court declaring that the building at 70 Mount Vernon Street in Cambridge is a four-unit building subject to the Cambridge Rent Control Act and the removal permit provisions of Ordinance 966, § 1(c).[7]

*So ordered.*

[7] The docket does not show an entry of judgment in the Superior Court. We have treated the appeals of the board and the tenants as properly before us on their timely notices of appeal from the "order" of the judge, which we construe as an order for the entry of judgment. See *Lewis* v. *Emerson,* 391 Mass. 517, 519-520 (1984); *Swampscott Educ. Assn.* v. *Swampscott,* 391 Mass. 864, 865-866 (1984).