WILLIAM A. RYAN *vs.* EDWINA M. RYAN.

Middlesex.    October 5, 1976. — December 8, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Divorce,* Modification of decree, Support of child, Separation agreement.

A wife was not barred from seeking modification of child support provisions in a divorce decree even though she had entered into a separation agreement purporting to fix her husband's child support obligation and the agreement was intended to survive the decree of divorce. [432]

CIVIL ACTION commenced in the Superior Court on February 10, 1975.

The case was heard by *Griffin,* J.

After review was sought in the Appeals Court, the Su-

preme Judicial Court, on its own initiative, ordered direct appellate review.

*Gerald L. Nissenbaum* for the plaintiff.
*Robert L. Burke* for the defendant.

WILKINS, J.  The plaintiff (husband) seeks to enjoin the defendant (wife) from prosecuting a Probate Court petition to modify child support provisions contained in a decree nisi of divorce. The husband relies on the terms of a separation agreement entered into between the parties, arguing that the wife should not be permitted to obtain and enforce an order of the Probate Court which is contrary to the provisions of the separation agreement. A judge of the Superior Court ruled in the wife's favor, and judgment was entered dismissing the husband's complaint. On our own motion we transferred the husband's appeal here and now affirm the judgment dismissing the husband's complaint.

On March 5, 1971, a decree nisi was entered granting the wife's libel for divorce and, after providing for alimony for the wife, ordering the husband to pay "the further sum of twenty-five dollars each week for the maintenance of [their minor child]." On that same day, prior to entry of the decree nisi, the husband and wife entered into an agreement in which they made provisions concerning the disposition of their property, custody of their child, support payments, and other matters. Although the decree nisi did not mention the separation agreement, the terms of the decree were consistent with any parallel provisions in the separation agreement. The agreement was intended to survive the decree of divorce and did so.

In early 1975, the wife filed a petition for modification of the existing order for child support, alleging that there had been a substantial change in circumstances. Before the return day for the wife's petition to modify the child support order, the husband commenced this Superior Court proceeding, in effect seeking specific performance of the separation agreement. The case was heard promptly on a statement of agreed facts and decided in favor of the wife.

Our decisions have held consistently that the power of a Probate Court to modify its support orders may not be restricted by an agreement between a husband and a wife which purports to fix for all time the amount of the husband's support obligation. *Madden* v. *Madden,* 359 Mass. 356, 363, cert. denied, 404 U.S. 854 (1971), and cases cited. *Smith* v. *Smith,* 358 Mass. 551, 553 (1971), and cases cited. See G. L. c. 208, §§ 28 and 37; G. L. c. 209, §§ 32 and 37. In *Reeves* v. *Reeves,* 318 Mass. 381, 383-384 (1945), a case substantially like this one, we affirmed a Superior Court decree which declined to enjoin a wife from prosecuting a petition for modification of a child support order contained in a decree of divorce. We have also held consistently that a wife may commence a proceeding to seek increased support payments for a minor child, although she had entered into a separation agreement purporting to fix the amount of that support. *Madden* v. *Madden, supra* at 363. *Buchanan* v. *Buchanan,* 353 Mass. 351, 353 (1967). See *Kerr* v. *Kerr,* 236 Mass. 353, 356 (1920). We see no reason to alter our views on this issue. Consequently, we need not consider the particular separation agreement involved in this case. Whatever agreements the wife may have made and the consequences of any such agreements are matters for the Probate Court to consider in passing on her petition for modification. See *Knox* v. *Remick, post,* 433, 438 (1976).

*Judgment affirmed.*