CAROLE A. DAWSON *vs.* EDWIN A. ROGERS.

Middlesex.    February 27, 1979. — April 9, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Divorce*, Separation agreement, Modification of decree. *Contract*, Separation agreement.

Under the terms of a separation agreement incorporated in a decree of divorce nisi, a provision permitting the wife and three minor children to remain in the marital domicil "during such period as any one or more of the ... minor children shall be minor ... or until the entry of the wife into a valid remarriage" was construed to relieve the husband of his obligation to provide shelter for his former wife upon her remarriage. [352-353]

In an action for declaratory relief under a separation agreement, a judgment of the Probate Court determined the rights of the parties with sufficient specificity even though it was not couched in terms of a declaration of the rights of the parties. [353-354]

In a proceeding for modification of child support obligations under a separation agreement incorporated in a decree of divorce nisi, findings that the child support obligation of the agreement fell short of meeting the children's expenses, that there had been an increase in the cost of living, and that the former husband's salary had increased significantly warranted a modification of the support obligation. [354-355]

CIVIL ACTIONS commenced in the Probate Court for the county of Middlesex on October 19, 1976, and October 20, 1976, respectively.

The cases were heard by *Perera*, J., on a master's report.

*Walter F. Dawson* for the plaintiff.

*Edward O. Proctor, Jr.*, for the defendant.

KASS, J. This case comes before us on cross appeals from a judgment of a Probate Court on the complaint of Edwin A. Rogers for enforcement of a separation agree-

ment and the complaint of Carole A. Dawson[1] for declaratory relief and for modification of a divorce decree. The probate judge adopted a master's report and entered judgment thereon. We treat the subsidiary findings of the master as binding on us unless mutually inconsistent, contradictory, plainly wrong or vitiated in view of the controlling law. *Selectmen of Hatfield* v. *Garvey*, 362 Mass. 821, 825 (1973).

1. Carole's appeal is from so much of the judgment below as required her (a) to pay Edwin, since the time of her remarriage to Walter Dawson, one-half the fair rental value of what had been Edwin's and her marital residence at 11 Foley Drive, Framingham; (b) to continue such payments until she vacated the premises; and (c) to make restitution to Edwin from the time of her remarriage, for one-half of the real estate taxes, mortgage debt service, and insurance on 11 Foley Drive.[2] Her claim of error requires construction of a separation agreement she and Edwin made April 12, 1971, and which was incorporated by reference—but not merged—in a decree of divorce nisi dated June 10, 1972. Paragraph 6 of that agreement permitted Carole and three minor children of her marriage with Edwin to remain in residence at 11 Foley Drive "during such period as any one or more of the said minor children shall be minor and entitled to support from the husband under the provisions of this agreement, *or* until the entry of the wife into a valid remarriage" (emphasis supplied). Carole urges that the italicized "or" must be construed to mean "and" and that Edwin's financial responsibilities concerning the marital domicil (maintenance, debt service, and taxes) continued, notwithstanding her remarriage.[3]

----

[1] Carole A. Dawson, formerly Carole A. Rogers, is the former wife of Edwin A. Rogers.

[2] This covers only the ten-month period during which Edwin was unaware of Carole's remarriage to Walter F. Dawson. Since Edwin's discovery of this event, he and Carole have divided expenses on the real estate equally.

[3] Much of Carole's argument hinges on the effect of an amendment to the agreement dated April 14, 1971, which added to paragraph 6 the

Neither decisional law, context, nor common sense supports Carole's argument. "Or" will be construed as "and" only when "the context and the main purpose to be accomplished by all the words used seems to demand it" or "when otherwise the meaning is dubious." *Gaynor's Case*, 217 Mass. 86, 89-90 (1914). *Eastern Mass. St. Ry.* v. *Massachusetts Bay Transp. Authy.*, 350 Mass. 340, 343 (1966). In its ordinary disjunctive sense, the use of the word "or" does not render the meaning of paragraph 6 of the separation agreement at all dubious. On the contrary, the meaning which results from giving "or" its ordinary significance, that Edwin would be relieved of his obligations to provide shelter for his former wife if she should remarry, is plausible and probable. The remarriage of a former spouse is frequently the occasion in separation agreements for an adjustment of financial obligations. The Probate Court's judgment was, therefore, correct.

Carole's complaint asked for declaratory relief under the separation agreement, and accordingly it was the duty of the court to make a determination of her "right to remain in the real estate." *Boston* v. *Massachusetts*

---

following: "In the event that the wife shall for any reason decide to change her place of residence, the husband shall continue to pay to the wife each month an amount equal to one-twelfth (1/12) of the aggregate paid for mortgage, principal and interest, taxes and home insurance during the preceding one (1) year period. This payment shall be made for the purpose of providing a place of residence for the minor children of the parties and shall continue during the period as otherwise provided in this said Paragraph 6." Carole suggests that the master's report failed to take note of the amendment, that this failure renders his findings and conclusions plainly wrong, and that the judgment based on the master's report is infected with this error. This argument is an afterthought. Carole did not mention the April 14 amendment in her complaint and it does not appear from the record that the amendment came to the attention of the master. In any event, the amendment does not affect the construction of the sentence in paragraph 6 of the agreement in question. It specifically refers to the "period as otherwise provided" in the paragraph; a proper understanding of that period is precisely the point at issue here.

*Bay Transp. Authy.*, 373 Mass. 819, 829 (1977). Although
the master's report and the judgment founded on it are
not couched in terms of a declaration of the rights of the
parties, they do, by the content of the orders of the court,
determine those rights with sufficient specificity to satis-
fy the statutory requirement.

2. Edwin's appeal is from that portion of the judgment
which modifies his child support obligations. Since the
judgment of divorce incorporated the terms of the separa-
tion agreement, those terms are part of the judgment.
*Salvesen* v. *Salvesen*, 370 Mass. 608, 610 (1976). Such judg-
ments can, from time to time, be revised or altered "as the
circumstances of the parents and the benefit of the chil-
dren may require." G. L. c. 208, § 28.

Edwin contends that the master failed to find sufficient
facts showing a change in circumstances and that, there-
fore, modification of the child support payments was im-
proper. Resolution of support questions "rests largely in
the discretion of the probate judge after he has given due
consideration to all the facts." *Buchanan* v. *Buchanan*,
353 Mass. 351, 352 (1967). Among the facts considered for
modification of the support obligation in *Buchanan* were
increased living costs through the passage of time, and an
increase in the husband's income. See also *Mead* v. *Mead*,
2 Mass. App. Ct. 338 (1974) (modification unwarranted
where husband's earning capacity and resources not
shown to have diminished).

A first master had found that the $400 monthly child
support obligation of the agreement fell short of meeting
the children's expenses in 1974, which expenses he item-
ized. On that basis, he recommended an increase in sup-
port. The second master, on whose report, as adopted, the
judgment rests, found an increase in the cost of living.
Both masters found that Edwin's salary had increased
significantly.[4] Under these circumstances, and despite

---

[4] The reference to the second master came after Carole's complaint
of October 20, 1976, for declaratory relief and modification. This fol-

Dawson *v.* Rogers.

the survival of the separation agreement, it was proper for the probate judge to adopt the master's report and increase Edwin's child support obligation.[5]

*Judgment affirmed.*

---

lowed two hearings and reports by the first master. The 1976 actions began before the first master's reports were confirmed, discharged, or modified and confirmed. The probate judge, therefore, in his reference to the second master, instructed him to treat the findings of the first master as prima facie evidence. The probate judge acted so as to expedite litigation already too protracted. "The treatment of a master's report, which has no effect until it is confirmed, rests largely in the judge's discretion, calls for 'a high degree of legal acumen and judicial wisdom ... and seldom can be revised on appeal.' *Minot* v. *Minot*, 319 Mass. 253, 257-258 [1946]." *Gil-Bern Constr. Corp.* v. *Medford*, 357 Mass. 620, 622-623 (1970). We are not prepared to say that the court's order, instructing the second master to treat the findings of the first master as prima facie evidence, was an abuse of discretion.

[5] Where the agreement survives, it has been consistently held that a wife may seek a modification for increased support for a minor child, although she has entered into a separation agreement purporting to fix that amount. *Ryan* v. *Ryan*, 371 Mass. 430, 432 (1976). *Salvesen* v. *Salvesen*, 370 Mass. at 610-611. See *Knox* v. *Remick*, 371 Mass. 433, 437-438 (1976), which teaches that while informed agreements should be upheld as far as possible, they may be altered where (1) a support order would be modified in the absence of such agreement, and (2) the level of available support for the child is inadequate in the circumstances because one former spouse is incapable of meeting his or her obligation for support expressed in the agreement.