INSPECTOR OF BUILDINGS OF PROVINCETOWN *vs.* JOHN EDER & another. April 24, 1981. 1. The judgment (order) of contempt must be reversed and the complaint (motion) therefor dismissed because the language of the judgment on the merits lacks any "clear and unequivocal command" (*United Factory Outlet, Inc.* v. *Jay's Stores, Inc.*, 361 Mass. 35, 36 [1972]) which can be understood without resort to the evidence at trial. 2. Even upon the evidence taken in the light most favorable to the defendant Eder, any handcrafting of merchandise on the premises in question which might have been permitted as of right under the so called "Arts and Crafts shops" provision (§ II) of the 1966 zoning by-law was discontinued at least a year prior to the deletion of that provision in 1969. Handcrafting is not permitted in a Class W Residential zoning district under the current (1978) zoning by-law. 3. The judge could not properly have enjoined the retail sale of merchandise on the first floor of the building because it is clear from the undisputed evidence that the present use of that floor for that purpose commenced prior to and has continued since the adoption of the original zoning by-law in 1957, with the result that such use has been successively protected by G. L. c. 40A, § 5, as in effect prior to St. 1975, c. 808, § 3, by § V 1 of the 1963 by-law, by § V 1 of the 1966 by-law, by G. L. c. 40A, § 6, as appearing in St. 1975, c. 808, § 3, and by art. II, § 2130, of the 1978 by-law. 4. So much of the judgment on the merits as runs against the defendant Katzel is in error, as there was no evidence that she ever participated in or was responsible for any violation of any by-law. 5. The judgment of contempt is reversed, and the complaint for contempt is to be dismissed; the judgment which was entered on July 11, 1979, is vacated and is to be replaced by a new judgment which dismisses the action as against the defendant Katzel and permanently enjoins the defendant Eder from handcrafting or otherwise fabricating leather handbags, jackets, belts and other leather articles on any part of the premises at 447 Commercial Street, Provincetown.

*So ordered.*

*Robert M. Peyser* for the defendants.
*Duane P. Landreth* for the plaintiff.