MARGARET F. MOORE vs. JOHN L. MOORE.

Barnstable.  December 8, 1982. — April 29, 1983.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Probate Court,* Jurisdiction.  *Divorce and Separation,* Separation agreement, Modification of judgment.  *Contract,* Separation agreement.

A probate judge, in the absence of a finding by him that a separation agreement was illegal, unfair, unreasonable or entered into through fraud or coercion, had no authority to prevent the agreement from surviving a decree of divorce in accordance with the parties' expressed intent. [23-25]

This court, exercising its supervisory power, ordered modification of a decree of divorce to permit survival of a separation agreement between the parties and thus to permit the former wife to recover in a contract action in a District Court the payments owed to her under the agreement. [25-26]

CIVIL ACTION commenced in the Second Barnstable Division of the District Court Department on March 21, 1980.

The case was heard by *Welsh, J.*

*David W. Woods, Jr. (Justin G. Cavanaugh* with him) for John L. Moore.

*Maurice M. Goldman (Nina Parker* with him) for Margaret F. Moore.

ABRAMS, J.  Margaret F. Moore brought a contract action in a District Court against her former husband, John L. Moore, to recover payments owed to her under their written separation agreement.  The separation agreement states that it shall survive the divorce decree entered by the Probate Court.  The issue presented is whether that agreement can be enforced apart from the decree, despite language in the decree to the contrary.  We decide that the agreement may be enforced independently only if there is a judicial

modification of the decree.[1] Pursuant to our equitable powers under G. L. c. 211, § 3, we order the decree to be modified and affirm the order of the Appellate Division of the District Courts.

We summarize the facts. The husband and wife were married in August, 1951, and had two children. They entered into a separation agreement on December 3, 1974, which provided for alimony and child support payments by the husband to the wife, subject to annual cost of living increases. One provision of the agreement states: "At the hearing on the libel for divorce now pending at the Barnstable County Probate Court this agreement shall be exhibited to the presiding Judge and shall be incorporated in the decree nisi. Notwithstanding the incorporation of this agreement in said decree, the provisions hereof shall not be merged in any such decree, but *shall survive* and be forever binding and conclusive on the wife and the husband and their respective heirs, successors and assigns" (emphasis added).

The next day, the Probate Court for Barnstable County entered a decree nisi of divorce[2] between the parties. The decree completely incorporated the provisions of their separation agreement, but stated that the agreement "is to be incorporated and merged into the probate decree and *shall not survive* as an independent agreement" (emphasis added).

In March, 1980, the wife filed a complaint in the District Court, alleging that the husband owed her approximately $8,725 pursuant to their agreement. Service of process on the husband was made under the long-arm statute, G. L. c. 223A, § 6, and a default was entered on May 7, 1980, for

---

[1] The parties were divorced in 1974 pursuant to G. L. c. 208, § 1. Since the divorce decree was entered in 1974, there are no issues before us under G. L. c. 208, § 1A, inserted by St. 1975, c. 698, § 2.

[2] Under present practice, and Mass. R. Dom. Rel. P. 58(c)(1975), a decree nisi of divorce is called a judgment nisi of divorce. We shall not use the current designation, so as to distinguish between the judgment of divorce and the final judgment on the contract entered below.

his failure to answer the complaint. The husband appeared specially to remove the default three weeks later, stating that he had received the complaint, but not the summons, and so was unable to ascertain the proper return date. The judge allowed the motion to remove the default on the express condition that the husband file a general appearance and a bond in the amount of $9,500.

The judge denied the husband's subsequent motion to dismiss based on lack of subject matter jurisdiction, and his later motion to review the conditional allowance of a motion to remove default to stay the entry of judgment. On September 4, 1980, judgment was entered for the wife, as the husband had not complied with the conditions for removing his default. See Dist. Mun. Cts. R. Civ. P. 55(b)(1)(1975). The judge reported to the Appellate Division of the District Courts the questions whether the agreement had continuing significance independent of the decree, and whether the conditions for the removal of the default were appropriate. The Appellate Division dismissed the report, and the husband appealed to this court. We affirm the order of the Appellate Division.

The primary issue before us is whether the language in the decree that the separation agreement shall not survive the decree operated to dissolve the agreement; or whether the expressed intent of the parties that the agreement survive the decree should control.

The husband looks to the language of the decree negating the survival of the agreement as a basis for his allegation that the agreement no longer has any force or effect. He argues that a Probate Court's authority to issue or to modify a decree may not be abridged by a valid separation agreement. See Ryan v. Ryan, 371 Mass. 430, 432 (1976); Wilson v. Caswell, 272 Mass. 297, 301-302 (1930). Thus, he asserts, the probate judge lawfully restricted the operation of the agreement, and the agreement's survival provision may not prevent that result. We do not agree.

A probate judge has broad discretion to establish the terms of a decree without facing restrictions imposed by the parties. However, the judge has no authority to use the

decree to modify a valid and independent separation agreement solely on the ground that it shall not survive the decree. The public policy of this Commonwealth favors settlement of property disputes resulting from a divorce through equitable, enforceable separation agreements, freely entered into by the parties. Once such an agreement is in effect, it may not be altered by the Probate Court. "We are aware of no sound theory upon which it can be held that the court has jurisdiction to modify the terms of a valid existing contract which arose solely through the voluntary act of the parties." *Schillander* v. *Schillander,* 307 Mass. 96, 98 (1940).

Thus, the desire of the parties to determine their destinies must control. "We see no reason why parties to a separation agreement . . . may not agree to a permanent resolution of their mutual rights and obligations . . . . If a judge rules . . . that the agreement was not the product of fraud or coercion, that it was fair and reasonable at the time of entry of the judgment nisi, and that the parties clearly agreed on the finality of the agreement on the subject of interspousal support, the agreement concerning interspousal support should be specifically enforced, absent countervailing equities." *Knox* v. *Remick,* 371 Mass. 433, 436-437 (1976). See *Bailey* v. *Dillon,* 186 Mass. 244, 248 (1904), Therefore, while a Probate Court may modify the decree, or may decline to incorporate the separation agreement within the decree, it may not modify the terms of that agreement simply by stating that it shall not survive the decree. *Knox v. Remick, supra* at 435. *Freeman* v. *Sieve,* 323 Mass. 652, 657 (1949).

We reach this conclusion in part because it is the intent of the parties, rather than the inclination of the Probate Court, which controls whether a separation agreement survives a decree. The Commonwealth's strong policy has favored survival of separation agreements, even when such an intent of the parties is merely implied. See *Ryan* v. *Ryan,* 371 Mass. 430, 431 (1976); *Freeman* v. *Sieve,* 323 Mass. 652, 656 (1949); *Welch* v. *Chapman,* 296 Mass. 487,

488 (1937). We have noted that "it is not lightly to be presumed that a decree, ephemeral in that it could be revised downward at any time, was accepted by a wife as a substitute for an existing agreement." *Hills* v. *Shearer,* 355 Mass. 405, 408-409 (1969), quoting *Metcalf* v. *Commissioner,* 271 F.2d 288, 292 (1st Cir. 1959). The "general rule [is that] unless the parties expressly provide otherwise, their separation agreement will be held to survive a subsequent divorce decree incorporating by reference the terms of the agreement." *Surabian* v. *Surabian,* 362 Mass. 342, 345-346 n.4 (1972). We have therefore enforced those agreements which state that they are intended to be enforced apart from the related decree. See *Stansel* v. *Stansel,* 385 Mass. 510 (1982); *Whitney* v. *Whitney,* 316 Mass. 367, 370-371 (1944); *Schillander* v. *Schillander,* 307 Mass. 96 (1940).

In the case before us, it was the parties' expressed intent that the agreement survive the decree. This intent is conclusive. The probate judge did not have the authority to prevent the survival of the agreement when he did not find that the agreement was illegal, unfair, unreasonable, or entered into through fraud or coercion. Without more, the judge may not adopt the substance of a separation agreement, and simultaneously indicate his lack of faith in the operation of that agreement by negating its survival provision.[3]

Therefore, the District Court judge properly concluded that the parties' intent controls, and that the agreement survived the decree. To prevent further confusion, we order the decree to be modified by striking out the word "not,"

---

[3] The parties could have requested modification of the decree within a year of its entry under Mass. R. Dom. Rel. P. 60(b)(1)(1975). Although this rule was not in place at the time of the parties' divorce, use of the rule to modify the divorce decree was permitted by the "Domestic Relations Procedure: Transitional Guidelines for Litigation in Progress on July 1, 1975," Part 2, which states, "Any procedural step taken after July 1, 1975, to amend or alter any step taken before July 1, 1975, will be governed by the new rules."

pursuant to our equitable power under G. L. c. 211, § 3. The decree shall now state that the agreement "is to be incorporated and merged into the probate decree and shall survive as an independent agreement." We affirm the order of the Appellate Division.[4]

*Order dismissing report affirmed.*

---

[4] The defendant was defaulted in the District Court. The judge permitted a conditional removal of the default, requiring the defendant to post a bond and to enter a general appearance. The defendant failed to request a report on whether the judge could remove a default conditionally. See Dist. Mun. Cts. R. Civ. P. 64(d)(1975). He also waived the issue by failing to raise it in his motion to dismiss. See Mass. R. Civ. P. 12(h)(1), 365 Mass. 745 (1974). Hence, the validity of the conditional removal of the default was not before the Appellate Division and is not before us.