NANCY RATCHFORD *vs.* JAMES RATCHFORD, THIRD.

Suffolk. February 3, 1986. — March 13, 1986.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Divorce and Separation,* Separation agreement. *Contract,* Separation agreement. *District Court,* Jurisdiction.

With respect to a former wife's action to recover sums allegedly due her under a 1974 separation agreement, which contained a provision that it "shall in all respects survive . . . [a decree of divorce] and be forever binding and conclusive upon the parties," the Boston Municipal Court had subject matter jurisdiction notwithstanding the fact that a Probate Court had issued a decree for support. [115-116]

CIVIL ACTION commenced in the Boston Municipal Court Department on August 12, 1982.

The case was heard by *William J. Tierney,* J.

*Marshall F. Newman* for the plaintiff.

*Robert Erwin Silver & Sherri E. Liftman,* for the defendant, submitted a brief.

NOLAN, J. The plaintiff commenced this action by filing a complaint in the Boston Municipal Court based on a separation agreement (agreement). The defendant countered with a motion to dismiss, which is based on two grounds: (1) failure to state a claim upon which relief can be granted, Dist. Mun. Cts. R. Civ. P. 12 (b) (6) (1975), and (2) the court's lack of subject matter jurisdiction, Dist. Mun. Cts. R. Civ. P. 12 (b) (1) (1975). The motion was denied, and a request that the denial be reported to the Appellate Division was not then implemented by the judge. Following trial, judgment entered for the plaintiff. The defendant filed a motion for new trial, which was denied. The defendant renewed his request for a report to the Appellate Division of the denial of his motion to dismiss. After a hearing, the Appellate Division ordered the report dismissed. From that dismissal, this appeal comes. We affirm the order dismissing

the report, but for reasons other than those advanced by the Appellate Division.

The plaintiff and the defendant were married in 1967, separated in 1971, and divorced by a decree nisi on June 24, 1974. On June 14, 1974, the plaintiff and the defendant had executed a separation agreement which, among other provisions, gave custody of the parties' two minor children to the plaintiff and required the defendant to pay $30 per week to the plaintiff for their support. It also provided as follows:

*"Subsequent Divorce* — Nothing herein contained shall be deemed to prevent either of the parties from maintaining a suit for absolute divorce against the other in any jurisdiction based upon any past or future conduct of the other nor to bar the other from defending any such suit. In the event any such action is instituted, the parties shall be bound by terms of this agreement. If consistent with the rules or practice of the court granting a decree of absolute divorce, the provisions of this agreement, or the substance thereof, shall be incorporated in such decree, *but, notwithstanding such incorporation this agreement shall not be merged in such decree, but shall in all respects survive the same and be forever binding and conclusive upon the parties"* (emphasis added). The divorce decree nisi orders the defendant to pay to the Department of Public Welfare the sum of $30 per week for the support of the minor children.

The defendant argues that the Municipal Court was without jurisdiction of the subject matter because of the Probate Court decree, and, hence, his motion to dismiss should have been allowed. The plaintiff responds on two bases, procedural and substantive. Procedurally, the plaintiff argues that, once the motion to dismiss was denied, the defendant was required to perfect his appeal to the Appellate Division immediately and not to wait until trial. We shall not pass on the procedural issue because we need not reach it. Substantively, the plaintiff argues that the Municipal Court had jurisdiction to the same extent that it has jurisdiction over other complaints which allege breach of contract. We agree.

The issue is whether the Municipal Court had jurisdiction to decide a case in which the Probate Court had issued a decree

for support. The complaint clearly survives a motion under rule 12 (b) (6) because it sets forth one of the terms of the agreement and alleges its breach. The question is whether the action of the Probate Court, in ordering the defendant to pay the Department of Public Welfare, ousts the Municipal Court of its jurisdiction.

The separation agreement survives the Probate Court decree. The public policy of Massachusetts "favors settlement of property disputes resulting from a divorce through equitable, enforceable separation agreements, freely entered into by the parties." *Moore* v. *Moore,* 389 Mass. 21, 24 (1983). Absent fraud or coercion (there is no evidence of either here), courts will generally honor separation agreements unless there are "countervailing equities." *Knox* v. *Remick,* 371 Mass. 433, 436-437 (1976).

This case bears a resemblance to *Moore* v. *Moore, supra* at 24-25, where this court held that the support provisions of a separation agreement which the probate decree adopted survived the decree and were enforceable because the parties intended their survival. This principle of survival in the light of the language used by the parties in the instant case makes the result which we reach consistent with the result in *Moore.* The fact that the Probate Court decree required payment to the Department of Public Welfare instead of to the plaintiff does not require a different result, though, of course, there cannot be double recovery. We affirm the order of the Appellate Division.

*Order dismissing report affirmed.*