JOAN A. CEPEK vs. ERWIN J. CEPEK, JR.

Hampshire.  April 8, 1986. — June 6, 1986.

Present: GREANEY, C.J., ARMSTRONG, & SMITH, JJ.

*Divorce and Separation,* Separation agreement. *Contract,* Separation agreement, Specific performance. *Probate Court,* Judgment, New trial.

In an action brought in the Superior Court by a former wife seeking specific performance of a separation agreement that included a provision designating the plaintiff as beneficiary of her former husband's State retirement benefits, and which had not been presented during prior proceedings in the Probate Court for incorporation in the judgment of divorce nisi, the Superior Court judge, on the basis of his finding that the terms of the agreement were fair and reasonable, properly ordered specific performance of the separation agreement. [333-334]

In an action brought by a former wife seeking specific performance of a separation agreement that had been signed by the wife and her husband, the judge did not err in denying the former husband's motion for a new trial based on the husband's contention that he thought he was executing an earlier, unsigned agreement containing different terms when he signed the separation agreement presented for enforcement, where abundant evidence, upon which the judge could properly rely, indicated that the signed agreement was executed prior to the commencement of the divorce action and that the unsigned agreement was not then in existence. [335]

On appeal from a judgment stating that the "defendant . . . shall comply with the terms of the [separation agreement]," it was held that the form of the judgment was too general and that it should be amended to state clearly and unequivocally the specific actions the defendant was to take in order to comply with the separation agreement. [335]

CIVIL ACTION commenced in the Superior Court Department on February 10, 1984.

The case was heard by *Andrew Gill Meyer,* J.

*Patrick J. Melnik* for the defendant.

*Maurice B. Kirk* (*Francis E. Collins* with him) for the plaintiff.

ARMSTRONG, J. In September, 1983, the plaintiff was granted a judgment of divorce nisi from the defendant. The

judgment included a provision ordering the defendant to convey his interest in the marital home to the plaintiff in return for her execution of a noninterest-bearing promissory note for $27,000 payable to him on or before June 30, 1985, secured by a mortgage on the home.[1] The defendant was to vacate the home by October 1, 1983, and was to pay the plaintiff $650 per month from Ocotober 1, 1983, through January, 1985, for the support of herself and a daughter who was attending Holyoke Community College.[2] The judgment had no provision concerning the husband's retirement benefits.[3]

In February, 1984, the plaintiff filed a complaint in the Superior Court seeking specific enforcement of a separation agreement signed by both parties, which, despite a provision stating that its terms were to be incorporated in any ensuing divorce or separate support judgment, had not been presented to the probate judge by either party. The separation agreement, like the judgment nisi, called for the defendant to transfer his interest in the marital home to the plaintiff, but, unlike the judgment nisi, it made no provision for a compensatory payment from her to him. The agreement made no provision for periodic support payments but contained what may have been approximate equivalents.[4] It also provided that the defendant "shall irrevocably designate the wife as beneficiary of his Mass[achusetts] Teachers' Retirement Fund, until such time as the wife [i.e., the plaintiff] remarries." The complaint alleges

---

[1] In 1983 the home was assessed at $60,000 by the assessors of Williamsburg.

[2] In January, 1985, the daughter would become twenty-one years old. A younger child would not require support because he was about to join the Army.

[3] The defendant was forty-eight years old, was a public school teacher, and was a member of the Massachusetts Teachers' Retirement System. His earnings were $22,000 as a teacher, supplemented by $4,000 to $5,000 as a carpenter. The plaintiff had been employed for seven years as a secretary-typist and earned $11,804 per year.

[4] In particular, the defendant was to pay for the children's educational expenses to age twenty-two and was to pay all bills relating to the home (heat, taxes, utilities, etc.) until all of the children were emancipated. The defendant was, however, permitted under the agreement to live in the home until that time.

breach and seeks specific performance in two particular respects: (1) conveyance of the defendant's interest in the house to the plaintiff; and (2) designation of the plaintiff as beneficiary in the retirement system. The defendant appeals from a judgment ordering compliance.

The defendant cites no authority for his contention that the failure of either party to present the separation agreement to the probate judge for incorporation in the judgment nisi had the legal effect of discharging the agreement. The terms of the agreement imply that it is to survive whether incorporated or not. The general enforceability of such an intention is beyond question. See *Schillander* v. *Schillander*, 307 Mass. 96, 98 (1940); *Knox* v. *Remick*, 371 Mass. 433, 435 (1976); *Stansel* v. *Stansel*, 385 Mass. 510, 513-515 (1982); *Moore* v. *Moore*, 389 Mass. 21, 25 (1983). On general principles the failure of the parties to bring the separation agreement to the attention of the probate judge could be corroborative of other evidence tending to show an agreement or understanding on their part to abrogate the separation agreement in its entirety. Here there was no evidence offered of such an agreement or understanding between the parties.[5] Cf. *Ross* v. *Ross*, 371 Mass. 439, 442-443 (1976) (permitting husband to maintain action for specific enforcement of separation agreement to offset earlier modification order of probate judge); *Moore* v. *Moore, supra* (spouse may obtain specific enforcement of separation agreement which provided that it was to survive despite unappealed-from order in decree nisi that the agreement not survive incorporation). The determination of fairness and reasonableness of the agreement at the time of the judgment nisi, held under our law to be a condition of the enforceability of the agreement, may be made "either at the time of the entry of a judgment nisi of divorce or at any subsequent time . . . ." *Knox* v. *Remick, supra* at 436.[6]

---

[5] The agreement itself contained a severability clause.

[6] The plaintiff filed for divorce, and the divorce was granted, under G. L. c. 208, § 1. There is no suggestion that the agreement was drafted or executed in contemplation of a divorce proceeding under § 1A (inserted

Cepek *v.* Cepek.

The defendant does not directly attack the judge's finding that the terms of the separation agreement were fair and reasonable. The impetus behind the appeal, however, seems to be a mistaken impression on the part of the defendant that enforcement of the agreement will result in his losing all pension rights under the teachers' retirement system.[7] The agreement does not so provide. The designation of the plaintiff as beneficiary will entitle her only to survivorship rights. See G. L. c. 32, §§ 1, 9-12. With exceptions not here applicable, "[n]o assignment of any right in or to any funds, annuities, pensions or retirement allowances under [the State retirement systems] shall be valid . . . ." G. L. c. 32, § 19, as appearing in St. 1981, c. 428, § 1. Cf. *Utley* v. *Utley,* 355 Mass. 469 (1969).[8] Nothing in the separation agreement purports to limit the defendant's election of retirement options under G. L. c. 32, § 12.[9] As specific enforcement of the agreement will impair neither the defendant's pension benefits nor his election of options on retirement, the "nature and substance of the objecting party's complaint" (*Dominick* v. *Dominick,* 18 Mass. App. Ct. 85, 92 [1984]) are not of the magnitude suggested by the argument.

---

by St. 1975, c. 698, § 2), under the terms of which a refusal by the court to approve the agreement would render it "null and void and of no further effect between the parties."

[7] The defendant does not dispute his obligation to transfer his interest in the marital home to the plaintiff. The plaintiff does not contest her obligation under the divorce judgment to compensate the defendant in the amount of $27,000 as of June 30, 1985; and, in any event, a judge asked to order specific performance has considerable discretion in conditioning the enforcement order to avoid inequity. *Roberts-Neustadter Furs, Inc.* v. *Simon,* 17 Mass. App. Ct. 262, 270-271 (1983).

[8] The result in the *Utley* case would have been different under the 1981 amendment, which provided that a pension or retirement allowance might be "attached, taken on execution, assigned, or subject[ed] to other process to satisfy a support order under [G. L. cc. 208, 209, or 273]." The only such order in this case has been fully complied with and expired after January, 1985.

[9] Under § 12 certain options substantially exhaust available benefits during the lifetime of the member. Others (in exchange for reduced pension benefits to the member) can vest a beneficiary with a separate pension after the death of the member.

Finally, the judge did not err in denying the defendant's motion for a new trial based on his having located (after trial) his copy of an unsigned separation agreement containing different terms. The defendant's contention (by affidavit) that he thought he was executing the earlier, unsigned agreement when he signed the separation agreement upon which the plaintiff relies conflicts with abundant evidence, upon which the judge could properly rely, that the signed agreement was executed prior to the commencement of the divorce action and that the unsigned agreement did not come into existence until thereafter.[10]

The form of the judgment is objectionable due to its generality ("The defendant . . . shall comply with the terms of the [separation agreement]"). An order of specific enforcement, like any injunctive order, should be clear and unequivocal so as to lay a proper foundation for a contempt action. *Nickerson* v. *Dowd,* 342 Mass. 462, 464 (1961). It should be tailored to the precise relief sought, avoiding general or vague terms or legal conclusions. It should be complete on its face and not require resort to the evidence to ascertain its meaning. *Inspector of Bldgs. of Provincetown* v. *Eder,* 11 Mass. App. Ct. 1011 (1981). Incorporation of documents by reference should be avoided where possible.

The judgment should be amended so as to order the defendant to transfer his interest in the home to the plaintiff, appropriately conditioned (see note 7, *supra*) on her tendering the $27,000 (which is now payable under the terms of the judgment nisi), and to execute a beneficiary form naming the plaintiff his beneficiary under the teachers' retirement system. As so modified, the judgment is affirmed.

*So ordered.*

---

[10] The executed agreement was dated (in handwriting) April 22, 1982, both at the top and next to the plaintiff's signature. No date appears next to the defendant's signature. The wife testified that she held the signed agreement for a period of time in the hope of avoiding the necessity for filing the divorce action. The unsigned draft inferentially came into existence after the divorce action had been filed (September, 1982), because it bears the probate docket number in what appears to be the original typing. The form for notarization has a 1983 date typed in.