MARY G. DeCRISTOFARO *vs.* CLEMENT P. DeCRISTOFARO.

Middlesex.   December 11, 1986. — May 27, 1987.

Present: BROWN, QUIRICO, & WARNER, JJ.

*Divorce and Separation,* Separation agreement, Modification of judgment.
   *Contract,* Separation agreement.

Discussion of standards for modification of a judgment of divorce with
   respect to support orders embodied in a separation agreement. [235-237]
In proceedings seeking modification of a child support order embodied in
   a separation agreement which, in accordance with its terms, had been
   "incorporated and merged" into the judgment of divorce, the judge did
   not err in concluding that the parties did not intend the technical meaning
   of the word "merged," where a reading of the entire separation agreement
   indicated an intention that it survive the divorce judgment as an independ-
   ent enforceable contract. [237-239]
A wife's complaint for modification of a child support order under a separa-
   tion agreement incorporated in a judgment of divorce was properly
   dismissed, where the parties had intended that the separation agreement
   survive the judgment of divorce, and where the wife did not show that
   the available level of child support was inadequate because she was
   incapable of meeting her obligation in that regard as expressed in the
   separation agreement. [239]
In a divorce case, after judgment absolute, the husband's complaint for
   contempt, brought on the ground that the wife's complaint for modifica-
   tion violated the provisions of the separation agreement, was properly
   dismissed where the record supported the judge's finding that the wife
   had prosecuted her complaint for modification in good faith. [239-240]
In a divorce action, after a hearing on cross-complaints for modification
   and contempt, there was no error in the judge's refusal to award counsel
   fees to either party. [240]
Where the judge in divorce proceedings had found that the parties' separation
   agreement survived the divorce judgment and was an independent en-
   forceable contract, he was without authority to prohibit the husband
   from prosecuting a separate action, based on the agreement, to recoup
   overpayments in child support made pursuant to a temporary order during
   the pendency of the divorce proceedings. [240]

COMPLAINT for divorce filed in the Probate Court for the county of Middlesex on December 20, 1976.

A complaint for modification of the judgment, filed on April 18, 1985, and a complaint for contempt, filed on August 28, 1985, were heard by *William Highgas, Jr., J.*

*Robert J. Annese* for the plaintiff.

*Allan R. Curhan* (*Richard J. Shea* with him) for the defendant.

WARNER, J. By a judgment of divorce nisi (which became absolute on August 4, 1977), the plaintiff (wife) was awarded custody of the parties' two minor children, and the parties were ordered to comply with the terms of a separation agreement which, in accordance with its terms, was "incorporated and merged" into the judgment. The agreement provided, among other things, for the payment by the defendant (husband) of support[1] and certain of the college expenses[2] of the children.

On April 18, 1978, the wife filed a complaint for modification seeking an increase in child support from $200 per week to $300. In his answer, the husband raised the separation agreement as a bar. The parties settled that action, however, by a stipulation (which was "incorporated and merged" into a judgment of modification) providing for an increase in weekly child support to $250. On October 12, 1979, the husband filed a complaint for modification asking that the support order be reduced to the original $200 weekly. That should be done, he said, because the $50 increase was to enable the wife to place

---

[1] "On the first Monday of the week next following the date of this agreement, and on the first Monday of each week thereafter, the Husband will, during his lifetime, pay to the Wife for the care, support, and maintenance of each child the sum of One Hundred ($100.00) Dollars (a total of $200.00) for both children.

"The obligation of the Husband to make payments for any child hereunder shall cease when such child dies, reaches the age of eighteen (18), marries, or becomes self-supporting, whichever shall happen first."

[2] "The Husband will pay the expenses (which shall include board, room, tuition, and such incidental charges as regularly appear on college bills) of the children at such colleges as they shall attend. The obligation of the Husband hereunder shall be limited to a four-year college course in the case of each of the children, and also limited to one-half the expenses and charges based upon his ability to pay."

the younger child in day care, and this was no longer necessary. Again, the parties reached agreement that the order be reduced to $200 weekly, and their written agreement was "incorporated and merged" into a judgment of modification.

The disputes which are the subjects of this appeal began on April 18, 1985, when the wife filed a complaint for modification, later amended, asking that the husband be ordered to pay (1) $400 weekly as child support, (2) the medical and dental expenses for each child until the child becomes self-supporting, and (3) the educational expenses of four years of college for each child. The amended complaint alleged that the older child had reached eighteen years of age, that the husband had ceased paying medical expenses and support ($100) for that child, that the husband's income had increased since the date of the original and modified judgments of divorce, and that the needs of the children had increased. On June 5, 1985, a Probate Court judge entered a temporary order increasing the weekly support order to $250 until the older child entered college, when the order would be reduced to $200, and ordering the husband to pay all the reasonable college expenses of the older child. In his subsequent amended answer and counterclaim, the husband denied that there had been a material change in circumstances, alleged that the separation agreement survived the judgments of divorce and modifications and asked for an order "indemnifying" him for increased payments under the temporary order of June 5, 1985, and for an award of counsel fees. The husband also filed a complaint for contempt alleging that, by filing the complaint for modification on April 18, 1985, and obtaining the temporary order, the wife had violated the judgment of February 4, 1977, ordering the parties to comply with the separation agreement.

After consolidation of the cases and trial, a Probate Court judge made findings of fact and conclusions of law and ordered that (1) the wife's complaint for modification be dismissed; (2) the husband's complaint for contempt be dismissed; and (3) the husband receive "credit" on his counterclaim only for amounts which he paid after December 11, 1985 (the last day of trial), in excess of those called for in the separation agree-

ment. The judge further ordered that the husband not seek in any other proceedings to recoup excess payments made under the temporary order from June 5, 1985, to December 11, 1985, or any costs incurred in the current litigation.[3] Neither party was awarded counsel fees or costs. Lastly, the judge ordered the parties to comply with the terms of the separation agreement. Both parties have appealed.[4] The wife claims error in the dismissal of her complaint for modification as, she argues, there had been a material change of circumstances, and in the denial of an award of counsel fees. The husband contends that there was error in the dismissal of his complaint for contempt, in the orders on his counterclaim that he not recoup overpayments in child support in another proceeding, and in the refusal to award him counsel fees.

1. *The status of the separation agreement.* The judge concluded, on the basis of the terms of the agreement itself, that it was the intent of the parties that the agreement survive the judgment of divorce.[5] Applying a test suggested in *Knox* v. *Remick,* 371 Mass. 433, 437-438 (1976), the judge concluded that, while there had been a substantial change in circumstances, the wife had not sustained her burden of showing that "the level of available support for the child is inadequate in the circumstances because one former spouse [here, the wife] is incapable of meeting . . . her obligation for child support expressed in [the separation] agreement." *Id.* at 438.[6]

---

[3] At trial, the husband's counsel informed the judge that the husband had begun an action in the Superior Court seeking to recoup the overpayments.

[4] The docket entries reproduced in the appendix do not show the entry of any relevant judgment. We treat the parties' timely notices of appeal as being from the orders of the judge, which we construe as orders for the entry of judgments. See *Anastasi* v. *Rent Control Bd. of Cambridge,* 21 Mass. App. Ct. 606, 609 n.7 (1986), and cases cited.

[5] There is no argument that the agreement was exacted by fraud or coercion or that it was not fair and reasonable when made. The judge implicitly found that the agreement was fair and reasonable when made. See *Dominick* v. *Dominick,* 18 Mass. App. Ct. 85, 91 (1984), and cases cited.

[6] The younger child was eleven years old at the time of trial. The older child was nineteen years old and a freshman in college. The judge found that this child's college expenses, including tuition, room and board, fees

We first consider the relevant consequences which flow from the survival or the extinction of a separation agreement. If an agreement does not survive a judgment of divorce, that is, if it is merged in the judgment in the technical sense, the agreement loses its identity; it retains no independent legal significance apart from the judgment. See *Knox* v. *Remick, supra* at 435; *Stansel* v. *Stansel,* 385 Mass. 510, 513 (1982); *Gottsegen* v. *Gottsegen,* 397 Mass. 617, 619 (1986). In that event, modification of the judgment of divorce is governed by the usual rule which requires a showing of a material change of circumstances. See *Stansel* v. *Stansel, supra* at 515; *Pemberton* v. *Pemberton,* 9 Mass. App. Ct. 9, 12-13 (1980).

Where a separation agreement is incorporated in a divorce judgment but survives it and retains its force as an independent contract, the agreement is not an absolute bar to subsequent modification of the judgment. See *Ryan* v. *Ryan,* 371 Mass. 430, 432 (1976); *Knox* v. *Remick, supra* at 435-436. "Where, however, [as here] the parties have entered into a separation agreement that was fair and reasonable when the judgment of divorce entered, was not the product of fraud or coercion, and survives the judgment of divorce, something more than a 'material change of circumstances' must be shown before a judge of the Probate Court is justified in refusing specific enforcement of that agreement" (footnote omitted). *Stansel* v. *Stansel, supra* at 515. See *Knox* v. *Remick, supra* at 436-437. In the case of an agreement with respect to interspousal support, "something

and books, were paid through a combination of scholarships, grants and loans. The husband testified that he had paid one installment of $1,300 on account of college tuition and expected to pay another in the same amount. It is unclear whether the judge disbelieved this testimony or overlooked it. In any event, the husband remains obligated under the agreement to pay one half of college expenses for each child without age limitation. In accordance with the agreement, the husband had ceased paying $100 per week for the support of the older child when he reached eighteen years of age. In her complaint for modification, the wife sought to vary the terms of the agreement by requesting increased support for the minor child, support for the older child until he reached twenty-one years of age, see G. L. c. 208, § 28, and the payment of full college expenses of both. Despite the judge's use of the singular "child," we read his conclusion as applying to both children.

more" has been characterized as "countervailing equities," such as where one spouse "is or will become a public charge," where there has been failure to comply with the agreement, or where there are equally compelling reasons. *Knox* v. *Remick, supra. Stansel* v. *Stansel, supra* at 515-516. In those circumstances, a Probate Court judge may order payment in excess of that called for in the agreement. *Knox* v. *Remick, supra* at 435-437. We are concerned here only with the provisions of a separation agreement with respect to the support of children. "An agreement to fix a spouse's support obligation for minor children stands on a different footing. Parents may not bargain away the rights of their children to support from either one of them. However, an informed agreement made by the parents, allocating responsibility for support of a minor child, should be upheld as far as possible as between the contracting parties, assuming the agreement is free from fraud and coercion and was fair and reasonable at the time the divorce judgment was entered. But a Probate Court support order may recast the burden of support for a child, as expressed in a separation agreement, *for example,* where (a) a support order would be entered or modified, as the case may be, in the absence of such an agreement *and* (b) the level of available support for the child is inadequate in the circumstances because one former spouse is incapable financially of meeting his or her obligation for child support expressed in that agreement"[7] (citations omitted, emphasis supplied). *Knox* v. *Remick, supra* at 437-438. Even where a judge of the Probate Court properly refuses specific performance and orders support (whether interspousal

---

[7] We read the test suggested in *Knox* as exemplary. However, it is clear that a modification under that standard requires a showing of "something more" than a material change in circumstances. Other jurisdictions have provided different formulations of the required showing. See, e.g., *Cooper* v. *Cooper,* 472 A.2d 878, 880-881 (D.C. 1984) ("[1] a change in circumstances which was unforeseen at the time the agreement was entered and [2] that the change is both substantial and material to the welfare and best interests of the children." It is not enough to show only a change in the parents' financial circumstances.); *Serby* v. *Serby,* 4 Conn. App. 398 (1985) (unforeseen change in circumstances); *Brescia* v. *Fitts,* 56 N.Y.2d 132, 140-141 (1982) (child's best interests, where "it is the child's right to receive adequate support that is being asserted").

or child support) different from that called for in the agreement, the party aggrieved by that order has a claim for breach of contract. *Id.* at 435-438, and cases cited. Cf. *Ratchford* v. *Ratchford,* 397 Mass. 114 (1986).

We next consider the propriety of the judge's conclusion that the parties intended the separation agreement to survive the judgment of divorce. It is the intent of the parties which controls, see *Moore* v. *Moore,* 389 Mass. 21, 24 (1983), and that intent is determined from the whole agreement. See *Freeman* v. *Sieve,* 323 Mass. 652, 655-656 (1949); *Hills* v. *Shearer,* 355 Mass. 405, 408-409 (1969); *Pavluvcik* v. *Sullivan,* 22 Mass. App. Ct. 581, 584 (1986). Further, we examine indicia of intent in light of established public policy. "The Commonwealth's strong policy has favored survival of separation agreements, even when such an intent of the parties is merely implied (citations omitted). We have noted that 'it is not lightly to be presumed that a decree, ephemeral in that it could be revised downward at any time, was accepted by a wife as a substitute for an existing agreement.' *Hills* v. *Shearer,* 355 Mass. 405, 408-409 (1969), quoting *Metcalf* v. *Commissioner,* 271 F.2d 288, 292 (1st Cir. 1959). The 'general rule [is that] unless the parties expressly provide otherwise, their separation agreement will be held to survive a subsequent divorce decree incorporating by reference the terms of the agreement.' *Surabian* v. *Surabian,* 362 Mass. 342, 345-346 n.4 (1972)." *Moore* v. *Moore, supra* at 24-25.

The separation agreement in this case gives persuasive indication that the parties intended that it survive the judgment of divorce. The agreement is comprehensive; it makes provisions for division of property, alimony, custody, visitation, child support, college expenses, medical and dental expenses for the children, and the maintenance of life insurance by the husband. There are the following relevant clauses: "This agreement is made in order to settle all claims of the Wife against the Husband for her care and support and for the care, support, and custody of the children now and in the future and to settle all other matters which should be settled in view of the pending complaint for divorce." — "The Wife agrees that . . . she will

not hereafter make any demands or claims upon the Husband or his estate for her care, support, and maintenance, and for the care, support, maintenance, and education of the children other than is [*sic*] provided for in ARTICLE ONE [division of property and alimony] and ARTICLE TWO [child support and other expenses] of this agreement." — "Except to enforce the obligations set out in this agreement, or to prosecute and defend the pending complaint for divorce, neither the Wife nor the Husband will commence any legal proceedings against the other."

The agreement contains no express provision whether it is to survive the judgment of divorce. Under ordinary rules of construction and giving effect to the strong Massachusetts preference, the agreement would be held to survive the judgment, see *Moore* v. *Moore, supra,* and cases cited, and modification would be governed by the rules enunciated in *Knox* v. *Remick, supra.* But what of the provision that the agreement "shall be incorporated and merged in the judgment of divorce nisi"? Does the use of the word "merged" alone require that there be a technical merger of the agreement and the judgment so that the former loses its force as an independent contract? See *Stansel* v. *Stansel, supra* at 513. We think not. We hold that, while the use of the word "merged" may be a substantial indication of the parties' intent that an agreement not survive a judgment, it is not conclusive where there are other contrary indications of intent in the agreement which may be express or implied.[8,9] We conclude, as did the judge, from a reading

---

[8] In *Stansel* v. *Stansel, supra,* the court considered the provision of G. L. c. 208, § 1A, as inserted by St. 1975, c. 698, § 2, which required merger of a separation agreement into an order for judgment of divorce on the ground of irretrievable breakdown but also allowed that by agreement of the parties the separation agreement could remain as an independent contract. The court held that by permitting survival the Legislature did not intend to use the word "merged" in its technical sense. Thus, an express provision for survival controlled as manifesting the "parties' evident intention." *Id.* at 514. (General Laws c. 208, § 1A, has been amended by St. 1985, c. 691, §§ 1-3, so as to provide for merger or survival only as alternatives.) We think that same intention may be shown implicitly.

[9] For discussion of the divergent views in other jurisdictions and a collection of many of the cases, see Green & Long, Marriage and Family Law Agreements §§ 4.07 & 4.08 (1984 & Supp. 1986).

of the entire agreement, that the parties here did not intend the use of the word "merged" in its technical sense but intended that the agreement survive the judgment of divorce as an independent contract.[10]

2. *The dismissal of the wife's complaint for modification.* On appeal, the wife focuses on the judge's findings that there had been a material and favorable change in the husband's circumstances. That change, she says, is sufficient to support a modification increasing the husband's child support obligations. This was also the thrust of the wife's case at trial. The wife ignores the judge's conclusions that (1) the separation agreement survived the judgment of divorce and (2) the wife had not shown that the level of available child support is inadequate because of her inability to meet her obligation in that regard as expressed in the agreement. See *Knox* v. *Remick,* 371 Mass. at 437-438. Contrast *Dawson* v. *Rogers,* 7 Mass. App. Ct. 351, 354-355 & n.5 (1979). The wife makes no claim that any of the judge's findings of fact is clearly erroneous. See Mass.R.Dom.Rel.P. 52(a) (1975); *Randall* v. *Randall,* 17 Mass. App. Ct. 24, 25 (1983). No error has been shown in the dismissal of the complaint for modification.[11]

3. *The dismissal of the husband's complaint for contempt.* The judge found that the wife prosecuted the complaint for

---

[10] The question of merger or survival is of great importance in many situations. Confusion apparently continues to abound, perhaps because of the indiscriminate use of language with established legal meaning and consequences. See *In re: Estate of Hereford,* 162 W.Va. 477, 482-484 n.1 (1978); 2 Freedman et al., Massachusetts Family Law Manual 19-15 to 19-25 (1986); 1 Harvey, Moriarty et al., Massachusetts Domestic Relations § 31.29 (1985). Drafters of separation agreements may avoid later interpretative problems simply by using precise language as to the survival of the agreement after entry of judgment or in the event that judgment is, for whatever reason, not entered. See *Moore* v. *Moore,* 389 Mass. at 22; *Ratchford* v. *Ratchford,* 397 Mass. at 115; 2 Freedman et al., *supra* at 19-16 to 19-17, 19-19, 19-21 & 19-23; 2 Harvey, Moriarty et al., *supra,* Form 155, at 280. See also *Pavluvcik* v. *Sullivan,* 22 Mass. App. Ct. at 583-588.

[11] The wife's brief does not even cite *Knox* v. *Remick.* Nor does the wife contend that she satisfied the "something more" than a material change in circumstances standard by proof of some condition not expressed in *Knox* v. *Remick.* See note 7, *supra.*

modification in good faith. The record supports that determination. That she failed to bring the case within the rule set forth in *Knox* v. *Remick, supra,* does not require a finding that she intentionally violated the judgment of divorce which incorporated the separation agreement. This is especially so in light of the procedural history of the case. There was no error in the dismissal of the complaint for contempt.

4. *Counsel fees.* There was no error in the refusal of the judge to award counsel fees to either party. The award of counsel fees in such matters rests in sound judicial discretion, see *Robbins* v. *Robbins,* 16 Mass. App. Ct. 576, 582 (1983), and cases cited, and no abuse of that discretion has been demonstrated.

5. *The husband's right to recoup overpayments by a claim for breach of contract.* Having concluded that the separation agreement constituted an independent enforceable contract, the judge was without authority to prohibit the husband from prosecuting his pending action in the Superior Court seeking damages for breach of contract in the amount of payments pursuant to the temporary order of the Probate Court (in effect from June 5, 1985, to December 11, 1985) in excess of those called for in the separation agreement.[12] See *Knox* v. *Remick, supra* at 437-438.

6. *Conclusion.* The orders dismissing the complaints for modification and contempt and denying awards of counsel fees are affirmed; the order prohibiting the husband from proceeding with his action in the Superior Court for breach of contract is reversed; and the matter is remanded to the Probate Court for the entry of judgments consistent with this opinion.

*So ordered.*

---

[12] In view of our disposition, we do not reach any question of error in the order denying the husband any "credit" on his counterclaim for such amounts.