Fremont-Smith, Thayer, J.
Grazyna Rostanzo (“Mrs. Rostanzo”) was married to Nicholas Rostanzo (“Mr. Rostanzo, Sr.”) from January 28, 2002 until his death on January 23, 2005. Prior to the marriage, Mrs. Rostanzo resided in Poland. It is alleged that, because she was hesitant about moving to the United States, Mr. Rostanzo, Sr. orally promised that she would inherit a substantial portion of his assets. On January 22, 2002, the couple executed a prenuptial agreement and Mr. Rostanzo, Sr. executed a will. Following Mr. Rostanzo, Sr.’s death, the Probate and Family Court voided the prenuptial agreement but allowed the will. Mrs. Rostanzo is appealing the allowance of the will.
Under the will, Mrs. Rostanzo receives $120,000, which she contends is less than she would inherit under the alleged oral agreement. Mrs. Rostanzo is suing Stephen Rostanzo (Mr. Rostanzo, Jr.), the executor of her husband’s estate, under a theory of quantum meruit, arguing that her inheritance under the will violates the oral agreement and she did not receive the fair value of her services, including: cooking, cleaning, and providing assistance with the household bills. Although an oral promise to leave property in a will is not enforceable, the alleged value of the promised property may be considered by the fact finder to determine the value of her services.[1] Slawsby v. Slawsby, 33 Mass.App.Ct. 465, 467 (1992).
While no case or statute squarely on point exists, the statutory and case law suggest that a widow may collect against her spouse’s estate under a theory of quantum meruit. First, recovery under quantum meruit against an estate is permissible among family members, even where the plaintiff has statutory rights of inheritance against the estate. Second, Massachusetts has amended the common law to allow spouses to contract with one another. These provisions of Massachusetts law suggest that Mrs. Rostanzo may bring a quantum meruit claim against her husband’s estate.
Mr. Rostanzo, Jr.’s contention that the statutory scheme of distribution to surviving spouses precludes a widow from collecting under quantum meruit is unpersuasive. The Appeals Court allowed a family member entitled to a statutory share, of an estate to sue that estate under this theory in Slawsby, supra. There, it affirmed a verdict in favor of a son, who had been omitted from his father’s will, to collect against his father’s estate under quantum meruit. The Court allowed this verdict notwithstanding G.L.c. 191, §20, which states: “If a testator omits to provide in his will for any of his children . . . they shall take the same share of his estate which they would have taken if he had died intestate.” While this provision of inheritance law is not as forceful as a spouse’s statutory rights, it still may have provided the son in Slawsby with a remedy. Nonetheless, the Court affirmed his recovery under the theory of quantum meruit. As such, Mrs. Rostanzo’s statutory entitlement to a portion of her late husband’s estate does not preclude her recovery under a theory of quantum meruit.
Furthermore, under Massachusetts law, spouses are fully permitted to contract with one another, and such contracts are fully enforceable in court. G.L.c. 209, §2. Also, spouses may enter into contracts that cover subject matter also governed by Domestic Relations Law. Ratchford v. Ratchford, 397 Mass. 114, 115 (1986). There, the Supreme Judicial Court ruled that the Boston Municipal Court had jurisdiction over a case involving a former husband’s failure to abide by the couple’s separation agreement. This agreement addressed, among other items, the ex-wife’s receipt of child support, certainly a subject covered by statutory Domestic Relations Law. The Court stated that, “the Municipal Court had jurisdiction to the same extent that it has jurisdiction over other complaints which allege breach of contract.” Id. Therefore, the alleged oral agreement between Mr. Rostanzo, Sr. and Mrs. Rostanzo is fully legal, even though it covers a topic addressed by statute.
Quantum meruit, while not identical to a breach of contract claim, is related to a contract action and has as a “basis the contract itself.” J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 793 (1986). Also, where an “oral contract [is] determined not to be contrary to public policy, [it can] provide the basis for the recovery in quantum meruit.” Northrup v. Brigham, 63 Mass.App.Ct. 362, 366 (2005); see also Green v. Richmond, 369 Mass. 47, 49-50 (1975) (although oral agreement to draft a will is not legally binding, “if the *730 oral agreement were legal and not contrary to public policy, the plaintiff could recover the fair value of her services"). For the reasons above, the alleged oral contract between Mr. Rostanzo, Sr. and Mrs. Rostanzo is not contrary to public policy. As such, it may allow for Mrs. Rostanzo to recover under a theory of quantum meruit.
The legality of inter-spousal contracts also means that the Mrs. Rostanzo’s claim is not barred by collateral estoppel. Agreements between spouses may be enforceable in Superior Court, regardless of any related action pending in Probate and Family Court. DeCristofaro v. DeCristofaro, 24 Mass.App.Ct. 231, 240 (1987). There, the Appeals Court held that because the former spouses’ separation agreement “constituted an independent enforceable contract, the [Probate and Family) judge [presiding over the ex-wife’s complaint for modification of child support] was without authority to prohibit the husband from prosecuting his pending action in the Superior Court seeking damages for breach of contract.” Id. Here, the alleged oral agreement between Mr. Rostanzo, Sr. and Mrs. Rostanzo is separate from any action concerning the former’s will. For instance, even if she were able to successfully challenge the will and collect an intestacy share, she could argue that such amount is less than her entitlement under the alleged oral agreement and continue her claim of quantum meruit. Thus, regardless of the outcome of the will contest, Mrs. Rostanzo would still be able to prosecute her claim before this court. The Probate Court, moreover, in allowing the will and disallowing the prenuptial agreement, made no findings or rulings which are inconsistent with plaintiffs allegations in this case. As such, her claim of quantum meruit is not barred by collateral estoppel.
ORDER
Accordingly, after further consideration, defendant’s motion for summary judgment remains denied.

This is not to say that a jury might not conclude that plaintiff has already been amply compensated by her husband for the value of her services.